295 So.2d 776 (1974)
Mary Ellen CRIDER and Alfred Grant Revette
v.
Mrs. Willie Rae HOWARD et al.
No. 47574.
Supreme Court of Mississippi.
June 10, 1974.
Guy C. Faggard, Ransom P. Jones, III, Pascagoula, for appellants.
Horton Hillman, Leakesville, for appellees.
RODGERS, Presiding Justice.
The appellants filed a "Petition for Judicial Review" of an election in Greene County, Mississippi, on the issue of the possession and sale of alcoholic beverages. The Election Commission filed its certified returns on November 8, 1972, with the Board of Supervisors. The Board of Supervisors entered its order to enforce the prohibition laws of the State of Mississippi at a special meeting of the board on November 15, 1972. On that same day, November 15, 1972, the petitioners filed the above described "Petition for Judicial Review."
*777 The circuit judge entered an order directing the defendants to show cause why the relief sought in the petition should not be granted. When the case was finally set for hearing, the defendants made a motion to dismiss upon the grounds that no bill of exceptions was filed to accord with Section 1195, Mississippi Code 1942 Annotated (1956) [now Mississippi Code Annotated § 11-51-75 (1972)].
The appellants contended before the trial judge that they were not appealing under Section 1195, but, rather, under "applicable statutes ... under election laws." They did not point out to the trial court any other Code section giving them the right to appeal. The trial court dismissed the appeal because it failed to comply with Section 1195, Mississippi Code 1942 Annotated (1956).
On appeal to this Court, the appellants now contend that they had a right to appeal by certiorari to the circuit court. They point out that Section 1206, Mississippi Code 1942 Annotated (1956) [now Mississippi Code Annotation § 11-51-93 (1972)] permits cases from a justice of the peace court to be removed to the circuit court by sworn petition showing good cause. They also pointed out that the following Code section [Section 1207, Mississippi Code 1942 Annotated (1956)] [now Mississippi Code Annotated § 11-51-95 (1972)] gives them the right to appeal: "Like proceedings as provided in [the last] section may be had to review the judgments of all tribunals inferior to the circuit court, whether an appeal be provided by law from the judgment sought to be reviewed or not."
It is argued on appeal that the petition filed was a sufficient appeal to the circuit court under the authority of this section. An examination of the petition reveals that there are questions of law raised which could have been heard on records properly brought up to the circuit court by certiorari.
The petition does not specify the records sought to be brought up to the circuit court for examination, and no writ was ordered to be issued requiring records and proceedings sought to be brought before the court for examination. 10 Am.Jur. Certiorari § 3, at 524 (1937).
On the other hand, the petition does set out facts which raise a question of law as to the validity of the challenged election, and was in fact a good faith effort to appeal to the circuit court. The trial court should have treated the petition as an application for a writ of certiorari, and, if all other essentials for an appeal by certiorari were met within the time required by law [Mississippi Code Annotated § 11-51-93 (1972)], the trial court should have granted a hearing on questions of law shown by the record ordered to be brought up by certiorari. If the record brought up to the circuit court revealed errors of law, the court then could have permitted such amendments as it deemed necessary to bring the legal issues fairly before the court for determination.
The judgment of the trial court, dismissing the petition is reversed and the cause remanded for such other further proceedings before the trial court as may seem proper to accord with this opinion.
Judgment of the trial court dismissing petitioners' application for an appeal is hereby reversed, and the case is remanded.
Reversed and remanded.
SMITH, ROBERTSON, WALKER and BROOM, JJ., concur.