# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2009-EC-01109-SCT

*TOWN OF TERRY, MISSISSIPPI, TEMPORARY
MUNICIPAL DEMOCRATIC EXECUTIVE
COMMITTEE AND CEDRIC ABSTON,
INDIVIDUALLY*

*v.*

*MARY SMITH, INDIVIDUALLY, AND IN HER
OFFICIAL CAPACITY AS CITY CLERK FOR THE
TOWN OF TERRY, MISSISSIPPI; AND
ELECTION COMMISSION OF THE TOWN OF
TERRY, MISSISSIPPI.*

| | |
|---|---|
| DATE OF JUDGMENT: | 06/08/2009 |
| TRIAL JUDGE: | HON. W. SWAN YERGER |
| COURT FROM WHICH APPEALED: | HINDS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | HALBERT E. DOCKINS, JR. |
| | KIMBERLY CELESTE BANKS |
| ATTORNEY FOR APPELLEES: | JAMES KURT GUTHRIE |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED -10/28/2010 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

## BEFORE WALLER, C.J., LAMAR AND PIERCE, JJ.

## PIERCE, JUSTICE, FOR THE COURT:

¶1.     Nominally an election contest, this is a civil-procedure case of substantive and procedural bars. The plaintiffs-appellants initially sought circuit-court review of the decision of a municipal election commission under the wrong statute. They were time-barred under

the statute pleaded in the amended complaint. And they are now procedurally barred from advancing a new theory, not argued before the court below. Accordingly, we affirm.

## STATEMENT OF THE FACTS

¶2. Cedric Abston, approved by a body calling themselves the "Town of Terry Mississippi Municipal Democratic Executive Committee" (hereinafter "the Democratic Committee"), filed his papers to run for mayor of Terry, Mississippi, on March 7, 2009. On March 23, the municipal election commission met with Abston's attorney in their presence and found that the Democratic Committee had been improperly formed. Because there was "no committee in place to qualify him" and he had not qualified as an at-large candidate, Abston was, by extension, disqualified.

¶3. On May 8, 2009, the Democratic Committee and Abston filed a complaint against Mary Smith, the Town Clerk, and the Town Election Commission. Abston and the Democratic Committee alleged that Smith and the Election Commission had wrongly disqualified the Democratic Committee. They sought judicial review of that decision under Mississippi Code Section 23-15-961, which provides exclusive relief for contesting the qualifications of a candidate in a primary election.[1] On May 21, the trial court found that the statute pleaded by the plaintiffs was inapplicable, noting statutory procedural differences between municipal elections and primary elections. The trial court advised that Abston and the Democratic Committee might proceed under Mississippi Code Section 11-51-75,

---

[1] *See* Miss. Code Ann. § 23-15-961 (Rev. 2007).

providing for appeal of decisions of boards of supervisors or municipal authorities.[2] The procedural requirements of that statute included filing a bill of exceptions within ten days of the adjournment of the meeting where the action complained of had occurred. For purposes of clarity, hereinafter, we refer to this statute as "appeal by bill of exceptions."

¶4. The very next day, Abston and the Democratic Committee filed their amended complaint, pleading appeal by bill of exceptions,[3] as recommended by the trial court, along with the required bill of exceptions. On May 26, the circuit judge dismissed the action as untimely. On June 2, 2009,[4] Abston and the Democratic Committee filed their notice of appeal.

## DISCUSSION

I.    **Whether the lower court erred in failing to apply Mississippi Code Section 11-51-93 to the proceedings below.**

¶5. The Democratic Committee and Abston argue on appeal for the first time that the trial court should have treated their initial complaint as a writ of certiorari under Mississippi Code Section 11-51-93 (which describes the process for certiorari at the circuit court) and Section 11-51-95 (which allows certiorari petitions from "all tribunals inferior to the circuit court"

---

[2]*See* Miss Code Ann. § 11-51-75 (Rev. 2002) (in part): "Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. . . ."

[3]Miss. Code Ann. § 11-51-75 (Rev. 2002).

[4]By coincidence, this was the date of the mayoral election.

3

and not justice court, only).[5] For purposes of clarity, we refer to this statute as "appeal by certiorari." At the center of Abston and the Democratic Committee's claims is that the petition for certiorari can be filed within six months of the challenged decision,[6] instead of within ten days (the limit under appeal by bill of exceptions).

¶6. Failure to allege an error at trial acts as a procedural bar.[7] Throughout four days of preliminary hearings, neither Abston nor the Democratic Committee invoked jurisdiction under appeal by certiorari.[8] Consequently, we are not bound to consider their complaint that the trial court considered their case in light of the jurisdictional statutes on which they relied at trial.[9] That notwithstanding, we find that the trial court applied the appropriate procedure for relief and that appeal by certiorari is not applicable.

¶7. Writs of certiorari are familiar tools, used by one court to review the decisions of an inferior court. Mississippi Code Section 11-51-95 extends that review to "all tribunals inferior to the circuit court."[10] Appeals by bill of exceptions and certiorari are "general" appellate provisions.[11] Both have been applied within the realm of very similar subject matter. Appeal by bill of exceptions has been used where a qualified elector challenged the

---

[5]*See* Miss. Code Ann. §§ 11-51-93, 11-51-05 (Rev. 2002).

[6]Miss. Code Ann. § 11-51-93 (Rev. 2002).

[7]*Johnson v. State*, 29 So. 3d 738, 743 (Miss. 2008).

[8]Miss. Code Ann. § 11-51-95 (Rev. 2002).

[9]*Johnson*, 29 So. 3d at 743.

[10]*See* Miss. Code Ann. § 11-51-95 (Rev. 2002).

[11]*McIntosh v. Sanders*, 831 So. 2d 1111, 1115 (Miss. 2002).

4

board of supervisors' decision to have an election on the sale of liquor.[12] And subsequently, we held that appeal by certiorari was the appropriate remedy for the same subject matter.[13]

¶8. In their original complaint, Abston and the Democratic Committee pleaded a pre-election remedy for contesting the qualifications of a candidate in a general election,[14] from which, the town noted, municipal elections are specifically excluded.[15] The town urged the court to apply the post-election remedy of Mississippi Code Section 23-15-951, permitting "a person . . . to contest the election of another person . . . to any office within any county" by filing a petition with the circuit clerk within twenty days of the election.[16] However, both arguments missed the central fact that the Democratic Committee came to circuit court not to challenge an election, but to challenge the decision (made by a municipal authority) that the committee was improperly formed and nonexistent. The trial court, relying on the plain language of Mississippi Code Section 11-51-75, said that appeal by bill exceptions was the appropriate vehicle for remedy.[17]

¶9. Abston and the Democratic Committee cite ***Crider v. Howard***[18] for the position that the trial court should have treated their petition for judicial review as an appeal by writ of

---

[12] ***Ferguson v. Bd. of Supervisors***, 71 Miss. 524, 14 So. 81 (1893).

[13] ***Mohundro v. Bd. of Supervisors.***, 174 Miss. 512, 165 So. 124 (1936).

[14] Miss. Code Ann. § 23-15-961 (Rev. 2007).

[15] Miss. Code Ann. § 23-15-963 (Rev. 2007).

[16] Miss. Code Ann. § 23-15-951 (Rev. 2007).

[17] *See* Miss. Code Ann § 11-51-75 (Rev. 2002)

[18] ***Crider v. Howard***, 295 So. 2d 776 (Miss. 1974).

certiorari.  This argument, we reiterate, is made for the first time on appeal.  In *Crider*, the trial judge treated Crider's "Petition for Judicial Review" as an appeal by bill of exceptions[19] over Crider's ardent but imprecise protest.[20]  The complainants in *Crider* could not articulate the statute under which they were seeking jurisdiction, so this Court said that the trial court should have treated the complaint as a petition for certiorari instead of imposing the "bill of exceptions" statute against the protest of the plaintiffs.[21]  Here, Abston and the Democratic Committee pleaded Mississippi Code Section 11-51-75 in their amended complaint, and they essentially must live with what they pleaded.  The trial court was not in error to consider the complaint in the context of the statute under which it was brought.  The plain language of the statute and the petitioner's complaint urge us to agree with the trial court's application of the law.

¶10.    On the other hand, in *McIntosh v. Sanders*,[22] we dismissed arguments that appeal by certiorari *or appeal by bill of exceptions* was available to a disqualified candidate for county election commissioner.[23]  There, Sanders, who lost the election, charged that McIntosh was not a resident of the county and filed a post-election contest under Mississippi Code Section

---

[19]This case came down under the statutory predecessor of 11-51-75:  Section 1195 Miss. Code 1942 Annotated (1956).

[20]*Crider*, 295 So. 2d at 777.

[21]*Id.*

[22]*McIntosh v. Sanders*, 831 So. 2d 1111 (Miss. 2002).

[23]*Id*. at 1114-15.

23-15-951.[24] Sanders further alleged that "due to the lack of any statutory process out-lining . . . a pre-election appeal," that Section 23-15-951 alone controlled. McIntosh argued that appeal by bill of exceptions or certiorari was appropriate. We held:

> [W]henever there are two statutes that address the same subject matter the specific statutes control over the general one. The Mississippi Election Code specifically addresses qualification of candidates and contests of elections. The appeal provisions in Miss. Code Ann. § 11-51-75 and Miss. Code Ann. § 11-51-93 are general laws. . . . Because there is a specific statute that governs election contests, McIntosh's arguments are without merit."[25]

*McIntosh* is distinguishable from the facts of this case. While the elections code specifically deals with decisions about candidate qualifications, it does not prescribe what to do when a partisan executive committee has been declared to be improperly formed. That decision – not Abston's qualifications – is at the center of this controversy.

¶11. Even if we waive the procedural bar, we agree with the trial court that appeal by bill of exceptions – and not petition for certiorari or the elections code – was the appropriate mechanism for relief. Under that procedure, Abston's and the Democratic Committee's claim is time-barred.

**II. Whether the lower court erred in finding that the Town of Terry Temporary Municipal Democratic Executive Committee and Cedric Abston had notice of the Election Commission's decision and/or judgment on March 23, 2009.**

¶12. The findings of fact by a circuit court judge, sitting without a jury, will not be reversed on appeal where they are supported by substantial, credible, and reasonable evidence.[26]

---

[24]*Id*. at 1113.

[25]*Id.* at 1115.

[26]*Phillips v. Miss. Dep't of Public Safety*, 978 So. 2d 656, 660 (Miss. 2008).

¶13. The trial court dismissed the complaint because it found that the bill of exceptions was not filed within ten days of adjournment of the meeting of the Election Commission, as required in appeals by bill of exceptions.[27] The Democratic Committee and Abston submit in their brief that the dismissal was in error because no evidence was presented to the court on the issue of whether they were given adequate notice of the decision of the Election Commission. Notwithstanding the inaccuracy of this argument,[28] it is irrelevant. The text of the statute very clearly sets a bright-line rule that an aggrieved party has "ten (10) days from the date of adjournment at which session the . . . municipal authorit[y] rendered such judgment or decision" to appeal.[29] The statute does not provide a "notice" requirement. Furthermore, we have dealt with arguments in the past that this time period was not fair. In *Coast Materials Co. v. Harrison County Development Commission*[30] we found that an aggrieved manufacturer of concrete was bound by the ten-day requirement because it "was on constructive notice of public board meetings."[31] We have held that the failure to obtain

---

[27]Miss. Code Ann. § 11-51-75 (Rev. 2002).

[28] No testimony was presented on the merits of this issue. However, the minutes from the March 23, 2009, meeting where the Election Commission judged the Democratic Committee to be without compliance of the law were admitted. Those minutes reflected that Abston's attorney was present.

[29]Miss. Code Ann. § 11-51-75 (Rev. 2002).

[30]*Coast Materials Co. v. Harrison County Dev. Comm'n*, 730 So. 2d 1128 (Miss. 1998).

[31]*Id*. at 1133-34.

a bill of exceptions will defeat subject matter jurisdiction in the circuit court regardless of the issues presented.[32]

¶14.    There is no notice requirement in the statute.  Even if there were, we would be bound by the finding of fact made by the trial court and supported by the minutes of the Election Committee admitted into evidence without objection by the Democratic Committee or Abston, that Abston had actual notice of the Election Commission's decision on March 23, 2009.  Since he did not file his bill of exceptions within ten days, as required by the statute, the motion to dismiss was not in error.  This issue is without merit.

**CONCLUSION**

¶15.    We agree with the trial court that "there were certainly flaws in the procedures that were utilized in this case in the Terry election commission meetings and . . . ." But appeal by bill of exceptions is the applicable procedure.  Under that analysis, the trial court was right to dismiss the claim as time-barred.  Furthermore, there is simply no notice requirement in the applicable appeal procedure.  Therefore, we affirm.

¶16.    **AFFIRMED.**

        **WALLER, C.J., CARLSON, P.J., DICKINSON, RANDOLPH, LAMAR, KITCHENS AND CHANDLER, JJ., CONCUR.  GRAVES, P.J., CONCURS IN RESULT ONLY.**

---

[32]***McIntosh v. Amacker***, 592 So. 2d 525, 527-28 (Miss. 1991).