*569
EN BANC ORDER

Marcus L. Wallace presented to the City Clerk of the Town of Edwards, a Qualifying Statement of Intent, purporting to contain the names of a sufficient number of qualified electors to have his name placed on the ballot as an independent candidate for mayor of the City of Edwards. On March 8, 2013, the Town of Edwards Election Commission (“Commission”) informed Wallace by letter that his Statement of Intent “did not meet the required signatures.”
On March 18, 2013, the Commission met with Wallace and his counsel and accepted more of the names on Wallace’s qualifying papers, but the total number remained insufficient to have his name placed on the ballot.
On March 27, 2013, Wallace filed with the Commission a petition to have his name placed on the ballot, claiming there were eighteen names on his Qualifying Statement that the Commission had improperly rejected. Because the Commission did not act on his petition, Wallace filed an Emergency Complaint for Writ of Mandamus with the Circuit Court of the Second Judicial District of Hinds County. He asked the court to “act on [his] Petition” and to “issue a Writ of Mandamus to the Election Commission to forthwith convene a hearing on the Petition to place Marcus L. Wallace on Ballot as an Independent Candidate for Mayor of the Town of Edwards.... ” Before us today is Wallace’s appeal of the circuit court’s denial of his petition for a writ of mandamus.
We find that this case is controlled by our decision in Meeks v. Tallahatchie County, wherein we held that when a candidate
files the proper qualifying papers and pays the requisite filing fee to become a candidate for public office, neither the state nor, in the case of a primary election, a political party may arbitrarily or capriciously deprive him or her of a place on the ballot[1]
We went further to state that the candidate
was entitled to due process protection on two levels. First, he was entitled to the opportunity to be heard. Second, he was entitled that his name not be finally stricken from the ballot except that result be required by law.
[[Image here]]
Incident to the conduct of a party primary election, a political party’s county executive committee is required, upon the expiration of the qualifying deadline, to review the papers of all who have offered as candidates for the party nomination and decide in each instance whether the individual is qualified to run for the office. No advance notice and opportunity to be heard is required be *570 fore that meeting. Where the executive committee decides that a person is not eligible, however, and where that person wishes to be heard regarding the matter, the executive committee, as a matter of due process, is required to allow the disqualified candidate a reasonable opportunitg to present his case.[2]
While Meeks addressed issues before a political party’s executive committee, and not an election commission, we find the principles quoted above are the same. We hold that the circuit court erred in failing to grant Wallace’s petition for mandamus, and we reverse the circuit court’s judgment and remand this case with instructions to the circuit court to grant Wallace’s petition for mandamus.
We further find that, under this Court’s authority to suspend the rules,[3] and in light of imminent ballot printing deadlines, no motion for rehearing will be allowed and this Order shall be deemed final in all respects. We direct that the mandate in this matter shall immediately issue. The Appellee is taxed with all costs of this appeal.
SO ORDERED.
/s/ Jess H. Dickinson JESS H. DICKINSON, PRESIDING JUSTICE
AGREE: DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, KING AND COLEMAN, JJ.
PIERCE, J., OBJECTS TO THE ORDER WITH SEPARATE WRITTEN STATEMENT JOINED BY WALLER, C.J., AND CHANDLER, J.

. Meeks v. Tallahatchie County, 513 So.2d 563, 565 (Miss.1987).

. Id. (emphasis added).

. Miss. R.App. P. 2(c).