PIERCE, Justice,
Objecting to the Order with Separate Written Statement:
¶ 1. The majority finds that Marcus Wallace’s due-process rights were violated by the Edwards Election Commission’s refusal to give him a second hearing. With all due respect, I disagree.
¶2. First, in the petition Wallace filed with the commission, he never asked for another hearing. Yet he now faults the commission for not giving him a hearing he didn’t request.
¶ 3. Second, Wallace was in fact given a reasonable opportunity to be heard. The hearing required by Meeks v. Tallahatchie County, 513 So.2d 563 (Miss.1987), was held on March 18. At Wallace’s request, the election commission met with Wallace and his two attorneys. The commission reviewed the signatures that had been previously invalidated. They also consulted with a contact in the Secretary of State’s office. There is no indication that the commission refused to allow Wallace to present his case completely. After that hearing, the commission determined that several of the names submitted by Wallace were in fact proper and those signatures were added to the ones previously validated. Hence, I would find that Wallace was given ample opportunity to be heard on his claims and that no due-process violation occurred.
¶ 4. Third, even if Wallace had been due a second hearing, his remedy was to appeal from the commission’s decision pursuant to Mississippi Code Section 11-51-75. Town of Terry v. Smith, 48 So.3d 507 (Miss.2010). Wallace failed to perfect an appeal and chose to attempt to proceed by mandamus. This was clearly improper. See Hinds County Democratic Executive Committee v. Muirhead, 259 So.2d 692 *571 (Miss.1972) (the trial court erred in issuing mandamus at the time the appellee had a statutory right to appeal). Mandamus was properly denied here.
¶ 5. I disagree with Wallace’s claim that he is due another hearing on his written petition and that he should be given another opportunity to prove the validity of the signatures he submitted. I would affirm the trial judge.
WALLER, C.J., AND CHANDLER, J., JOIN THIS SEPARATE WRITTEN STATEMENT.