# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2013-EC-00928-SCT

*DIMP POWELL*

*v.*

*MUNICIPAL ELECTION COMMISSION OF THE
TOWN OF ISOLA, MISSISSIPPI*

| | |
|---|---|
| DATE OF JUDGMENT: | 05/30/2013 |
| TRIAL JUDGE: | HON. JANNIE M. LEWIS |
| TRIAL COURT ATTORNEYS: | ANDREW N. ALEXANDER, III |
| | SAMUEL L. BEGLEY |
| COURT FROM WHICH APPEALED: | HUMPHREYS COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | KATE MARGOLIS |
| | ANDREW N. ALEXANDER, III |
| ATTORNEY FOR APPELLEE: | SAMUEL L. BEGLEY |
| NATURE OF THE CASE: | CIVIL - ELECTION CONTEST |
| DISPOSITION: | AFFIRMED - 12/11/2014 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**BEFORE WALLER, C.J., CHANDLER AND KING, JJ.**

**CHANDLER, JUSTICE, FOR THE COURT:**

¶1. Democratic candidate Bobbie Miller successfully challenged independent incumbent Dimp Powell for the office of mayor of Isola, Mississippi. Prior to the election, the Municipal Election Commission of Isola approved the placement of Miller's name on the ballot despite the fact that a Democratic Municipal Executive Committee was not in existence by the time of the qualifying deadline for candidates. Powell challenged the Election Commission's decision in circuit court via a writ of mandamus, requesting the court to order the Commission not to place Miller's name on the ballot or, in the alternative, to order that any

votes cast for Miller not be counted. After an emergency evidentiary hearing, held the week prior to the election, the court denied relief. Powell appeals. We hold that the circuit court did not have jurisdiction to hear Powell's challenge via a writ of mandamus. The appropriate procedural mechanism for challenging the decision of a municipal authority is through a bill of exceptions under Mississippi Code Section 11-51-75.

## FACTS AND PROCEEDINGS BELOW

¶2.     Bobbie Miller, who ran a local daycare center in Isola, decided to run as a Democratic candidate for mayor, challenging independent incumbent Dimp Powell. Miller filed her statement of intent and $10 cash filing fee with the municipal clerk on January 21, 2013. The municipal clerk accepted the documents. Isola did not at that time have a Democratic Municipal Executive Committee. On March 6, the clerk contacted Miller and informed her that she could not accept cash for the filing fee. Miller immediately exchanged the cash for a money order. At that time, Miller asked if any other action on her part was needed, and the clerk said no. The clerk also accepted a statement of intent and filing fee from Powell. Miller's money order and Powell's check were made payable to the "Municipal Executive Committee."

¶3.     The city clerk,[1] uncertain where to send the candidates' statements of intent and fees, sent both Powell's and Miller's papers and fees to the Secretary of State after consulting with one of the incoming city election commissioners.[2] The Secretary of State sent back a letter

---

[1] This was the first election the clerk had handled in her official capacity.

[2] Two of the three municipal election commissioners were also new at the job and, at that time, had not yet attended training for the position.

2

dated March 14, 2013, explaining that "the office of the Secretary of State does not receive nor file qualifying petitions of municipal candidates," and that "[a]bsent a municipal executive committee, the municipal clerk cannot accept the statement of intent of a candidate seeking to qualify as a party nominee in a primary election, and cannot accept the $10.00 filing fee required by statute . . . [u]nfortunately, Ms. Miller cannot be a candidate for Mayor since the qualifying deadline for all municipal candidates was last Friday, March 8, 2013." The letter further noted that a filing fee and nomination through a municipal executive committee is not required for independent candidates, that Powell's fee should therefore be returned to him and his qualifying documents forwarded to the Isola Municipal Election Commission.

¶4.     After the city clerk shared copies of this letter with the relevant parties and public officials, Miller immediately contacted the County Democratic Executive Committee. That committee approved Miller's candidacy and notified the Election Commission and city clerk of Miller's certification by letter on March 22. The County Executive Committee had not been aware of Miller's candidacy prior to the qualifying deadline, and did not notify the municipal clerk prior to the qualifying deadline that it would be acting as a temporary municipal executive committee.

¶5.     The City requested an opinion from the Attorney General, asking whether, under these circumstances, Miller could be placed on the ballot. The Attorney General's office issued an official opinion dated April 22, 2013, offering that Miller was not a timely qualified

candidate because the County Democratic Executive Committee had not made the decision to act as the temporary municipal executive committee until after the qualifying deadline.[3]

¶6. The Isola Municipal Election Commission met on May 24, 2013, and voted to accept the County Democratic Executive Committee's certification of Miller, in spite of the opinion from the Attorney General. The Commission issued a written statement, noting that the error was on the part of the clerk, that the lack of a (temporary) municipal executive committee would have been resolved prior to the qualifying deadline had a delay not been created by the documents having been mailed erroneously to the Secretary of State, and that Miller should not be penalized when she had done everything she thought was required to qualify.

¶7. Powell filed an Emergency Complaint for Writ of Mandamus, asking the circuit court:

> . . . . to issue a Writ of Mandamus to the Town of Isola, Mississippi's Municipal Election Commission requiring that they remove candidate Bobbie Miller's name from the Municipal Ballot for the June 4, 2013 election for Mayor. In the alternative, Plaintiff prays that this Court should issue a Writ of Prohibition to the Town of Isola, Mississippi's Municipal Election Commission prohibiting that Commission from placing candidate Bobbie Miller's name on the ballot as a Democratic candidate for the office of Mayor of the Town of Isola or, if such name appears on the ballot because of time restraints, prohibiting any votes for Ms. Miller from being counted . . .

Attached as exhibits to the petition were the letter from the Secretary of State returning the statements of intent and filing fees to the municipal clerk, the letter from the Humphreys

---

[3] *See Ashford*, Miss. A.G. Op. # 14-00121, 2013 WL 2200417 (April 22, 2013). Whether a party executive committee must be in place by the qualifying deadline involves a question of statutory interpretation this Court has never addressed. The Attorney General's office consistently has taken the position that the relevant statutes require the existence of an executive or temporary executive committee by the qualifying deadline because, *inter alia*, such committees have responsibilities related to carrying out the party primary that cannot reasonably be performed if the committee is not in existence by the qualifying deadline. *Id.*

4

County Democratic Executive Committee certifying Bobbie Miller as a candidate, the Attorney General's opinion offering that Miller was not a timely qualified candidate, and the Isola Municipal Election Commission's letter to the municipal clerk finding that Miller should be placed on the ballot.

¶8.     The court held an emergency evidentiary hearing on May 30, 2013, the week before the election. The court heard the testimony of the municipal clerk, Bobbie Miller, and of the three members of the Municipal Election Commission. The trial court denied Powell's request for relief and permitted Miller to remain on the ballot. The court noted that Miller had done all she thought that she was required to do to qualify and should be permitted to run since the error was on the part of the city clerk. Miller won the election, which took place on June 4, 2013. Powell timely appeals to this Court. This Court denied Powell's motions to expedite the appeal.

## DISCUSSION

¶9.     Jurisdiction is a question of law this Court reviews de novo. *Issaquena Warren Counties Land Co., LLC v. Warren Cnty.*, 996 So. 2d 747, 749 (Miss. 2008).

¶10.     We find that the circuit court lacked jurisdiction to hear Powell's challenge because Powell failed to properly appeal the Commission's decision by obtaining a bill of exceptions as provided for in Mississippi Code Section 11-51-75. Section 11-51-75 provides:

> Any person aggrieved by a judgment or decision of the board of supervisors, or *municipal authorities* of a city, town, or village, may appeal within (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, *and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or other municipal authorities. The clerk thereof shall transmit the bill of exceptions to*

*the circuit court at once*, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment. If the judgment be reversed, the circuit court shall render such judgment as the board or municipal authorities ought to have rendered, and certify the same to the board of supervisors or municipal authorities. . . .

Miss. Code Ann. § 11-51-75 (Rev. 2012) (emphasis added).

¶11. This Court held that a municipal election commission is a "municipal authority" for purposes of section 11-51-75 in *Town of Terry v. Smith*, 48 So. 3d 507 (Miss. 2010). In *Town of Terry*, the Terry Municipal Election Commission disqualified a democratic candidate for mayor on a finding that the Democratic Executive Committee had been improperly formed, and, "[b]ecause there was 'no committee in place to qualify him' and he had not qualified as an at-large candidate, [he] was, by extension, disqualified." *Id*. at 508.[4] The candidate and the committee appealed through an inapplicable statute that provided exclusive relief for contesting the qualifications of a candidate in a primary election. *Id*. This Court affirmed the trial court's position that the appropriate method of appeal was through appeal by bill of exceptions under Section 11-51-75. We stated:

> . . . the Committee came to circuit court not to challenge an election, but to challenge the decision (made by a municipal authority) that the committee was improperly formed and nonexistent. The trial court, relying on the plain language of Mississippi Code Section 11-51-75, said that appeal by bill [of] exceptions was the appropriate vehicle for remedy. . . We agree with the trial court that appeal by bill of exceptions . . . was the appropriate mechanism for relief.

---

[4] This Court decided *Town of Terry* on a procedural question, and, as in the case at hand, did not address the merits of the commission's decision.

*Id*. at 510-511. Similarly, here, the challenge is to a municipal election commission's decision regarding the timeliness of the candidate's qualification.

¶12.    The bill of exceptions serves as the objective record of the proceedings below, and therefore must be examined and certified for authenticity by being signed and delivered to the circuit court by the authority who made the decision. The responsibility of a municipal authority when presented with a bill of exceptions is to review it, note any aspect of it that appears to be inaccurate or incomplete, and then sign it as the correct record for the circuit court to review. *Reed v. Adams*, 111 So. 2d 222, 340 (Miss. 1959). Here, instead of going through this process of obtaining a record, Powell sought injunctive relief through a writ of mandamus.

¶13.    A petition for writ of mandamus is a procedural tool a party can seek unilaterally to prompt officials to perform their required duties when they fail to act. *Hinds Cnty. Democratic Exec. Comm. v. Muirhead*, 259 So. 2d 692, 695-695 (Miss. 1972).[5] For example, if Powell had presented a bill of exceptions to the Commission for its review, signature, and delivery to the court, and the Commission had refused to perform its

---

[5] "The proper function of mandamus is to supply a remedy for inaction on the part of an official or commission to whom it is directed. It is not a substitute for, nor intended to serve, the purpose of other modes of review. It can direct an official or commission to perform its official duty or to perform a ministerial act, but it cannot project itself into the discretionary function of the official or the commission. Stated differently, it can direct action to be taken, but it cannot direct the outcome of the mandated function. . .[t]hus, a court could, if necessary, compel by mandamus an election commission or executive committee to perform its statutory duty upon its failure to do so, or prohibit it by way of injunction or writ of prohibition from exceeding its statutory authority in some respect; use of an extraordinary writ, however, cannot be extended to actually telling the commission what action to take." *Id*. at 695-695, 774.

ministerial duty to review, sign, and deliver it, then a writ of mandamus would be an appropriate mechanism to prompt the authority to perform that task. *Reed*, 11 So. 2d at 399; *Roach v. Tallahatchie Cnty.*, 29 So. 93 (Miss 1901). But, when a municipal authority has acted, and a party wishes to challenge the merits of that discretionary decision, the party must obtain a bill of exceptions to serve as the record for the circuit court. Miss. Code Ann. § 11-51-75 (Rev. 2012); *Town of Terry v. Smith*, 48 So. 3d 507 (Miss. 2010). A party cannot sidestep this process of, in essence, designating the record for appeal, by asking the appellate court to rely on the potentially selective presentation of facts and exhibits contained in a unilateral petition for injunctive relief.

¶14.    The use of a writ of mandamus also was inappropriate in this case because Powell is not alleging a violation of his due-process rights or asserting an opportunity to be heard. Rather, his sole request for relief is a challenge to a discretionary decision the Commission made after very thorough consideration of Powell's position. In *Wallace v. Town of Edwards*, 118 So. 3d 568 (Miss. 2013), a potential candidate sought a writ of mandamus asking the circuit court to compel a municipal election commission to grant him a hearing and issue a ruling on his challenge to its successive rejection of his candidacy due to lack of sufficient signatures. A majority of the Court joined an order granting him relief. Three justices joined a separate statement disagreeing that the appellant had been denied an opportunity to be heard before the commission and that a bill of exceptions would have been the appropriate way to challenge the commission's decision to reject his multiple attempts to qualify.

8

¶15.    The due-process challenge that split this court in *Wallace* is not present in this case. We note that, in this case, the Commission does not appear to have held a formal hearing in which Powell formally presented his case. However, Powell does not challenge the absence of a hearing or allege that proceeding before the Commission denied him due process. To the contrary, the record reflects that the parties had extensive transparent communication with each other and that the Commission took the process of its decision very seriously, going so far as to request and consider an Attorney General's opinion on the issue. Whether the Commission made the right decision is a question for an appeal via a bill of exceptions.

¶16.    Finally, the procedural deficiency here cannot be considered harmless. A circuit court, sitting as an appellate court, should not hold an evidentiary hearing when considering a bill of exceptions. *Falco Lime, Inc., v. Mayor and Aldermen of City of Vicksburg*, 836 So. 2d 711, 720 (Miss. 2002). We have permitted harmless-error review where a circuit court erroneously held an evidentiary hearing when reviewing a bill of exceptions. *Id*. at 720-721 (holding that the evidentiary hearing was harmless error because sufficient evidence was in the bill of exceptions for the circuit court to have reached the same result as if the hearing had not taken place). But unlike *Falco*, the appeal here did not originate with a proper bill of exceptions. We decline to extend harmless-error review to the fundamental jurisdictional posture of the case. We decline to make it our task to review the petition and exhibits for retroactive authentication of the proceedings below.

## CONCLUSION

¶17.    Powell's petition for writ of mandamus was ineffective to appeal the Municipal Election Commission's decision that Miller should be placed on the ballot. The statutory

9

method of appeal from the decision of a municipal authority is to obtain a bill of exceptions under Mississippi Code Section 11-51-75. We affirm the outcome of the circuit court's holding, but on the ground that the circuit court lacked jurisdiction to hear the challenge via a writ of mandamus. Because we affirm on jurisdictional grounds, we do not reach the merits of whether Miller's name should not have been permitted on the ballot when there was no Democratic Municipal Executive Committee in existence at the time of the qualifying deadline.

¶18.     **AFFIRMED**.

**WALLER, C.J., DICKINSON AND RANDOLPH, P.JJ., LAMAR, KITCHENS, PIERCE, KING AND COLEMAN, JJ., CONCUR.**