CARLTON, J.,
dissenting:'
¶36. I respectfully dissent from the majority’s opinion. I find that the bill of exceptions accepted by the circuit court was fatally defective and failed to provide an intelligent, record upon which the circuit court could act. Because the parties failed to provide a proper bill of exceptions, the circuit .court lacked subject-matter jurisdiction in this case. As a result, I would reverse the circuit court’s judgment and remand this case to allow the. circuit court to rule on the Gallaghers’ motion for a writ of mandamus and to provide the parties *478 the opportunity to file a properly amended bill of exceptions. ■
¶ 37. Appeals from governing municipal boards are creatures of statute. See generally Jones v. City of Ridgeldnd, 48 So.3d 530, 543-44 (¶48) (Miss.2010) (“The right of appeal is purely a creature of statute.” (citations-omitted)). Mississippi Code Annotated section 11-51-75 (Rev.2012) establishes the requirements for such appeals. Wilkinson Cnty. Bd. of Supervisors v. Quality Farms Inc., 767 So.2d 1007, 1011-12 (¶¶ 11-14) (Miss.2000). Section 11-51-75 clearly provides an aggrieved party with the. right to prepare a bill of exceptions.
¶ 38. The Gallaghers, the aggrieved party in the present case, assert that the circuit court erred by finding that Wave-land’s bill of exceptions accurately reflected the issues presented on appeal. A review of the record reflects that Wave-land’s proffered bill of exceptions failed to satisfy the requirements of section 11-51-75 since the bill was neither agreed to nor prepared by the aggrieved party in this case. The failure to follow the statutory procedures required to obtain a proper bill of exceptions deprived the circuit court of jurisdiction.
¶ 39. Although neither party raised the issue of jurisdiction due to the lack of a properly filed bill of exceptions, “[jjurisdiction is a question of law, which [the appellate court] reviews de novo.” Issaquena Warren Counties Land Co. v. Warren Cnty., 996 So.2d 747, 749 (¶ 5) (Miss.2008) (citations omitted). “[A]ll courts must be constantly'aware of questions of their jurisdiction to proceed and must be prepared to decide a question pertaining to jurisdiction at any time, even if the court must raise the issue oh its own motion.” Dunaway v. Dunaway, 749 So.2d 1112, 1120 (¶ 25) (Miss.Ct.App.1999) (citation omitted).
¶40. The Mississippi Supreme Court “has held that a proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court.” Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1012 (¶ 14) (quoting Stewart v. City of Pascagoula, 206 So.2d 325, 328 (Miss.1968)). This Court has previously stated:
The bill of exceptions serves as the record on appeal and embodies the facts, judgment, and decision involved in the proceedings below. In its appellate capacity, the circuit court must limit its review of the evidence to the bill of exceptions. If the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the circuit court does not have a record upon which it can intelligently act.
Pruitt v. Zoning Bd. of Laurel, 5 So.3d 464, 469 (¶ 14) (Miss.Ct.App.2008) (internal citations and quotation marks omitted).
¶ 41. The supreme court’s precedent establishes that the proper procedure for filing a bill of exceptions is as follows:
The general rule with respect to bills of exceptions when presented to the proper official for signature appears to be that such . officer. or official cannot arbitrarily refuse to sign and return the bill of exceptions merely because he deems the same to be incorrect, but that it is his duty to point out wherein he deems the same to be incorrect, and to note his corrections thereon, and to sign the same as correct.
If he deemed incorrect the bill of exceptions presented to him, he was under an implied duty to point out wherein he deemed the sáme incorrect so that the aggrieved parties might have an opportunity to amend the same, and then to sign the same as corrected.
*479 Id. (emphasis added) (quoting Reed v. Adams, 236 Miss. 333, 340-41, 111 So.2d 222, 224-25 (1959)).
¶ 42. As the record in the present casé reflects, the parties disagreed on the contents of the bill of exceptions, and Wave-land’s mayor refused to sign the bills of exceptions that the Gallaghers presented to him. On September 28, 2010, the Galla-ghers filed a “Motion to Compel and Other Relief.”. The motion asserted that Wave-land had repeatedly failed to provide the Gallaghers with several requested documents that the Gallaghers needed to complete a proper filing of their bill of exceptions. The motion further requested that the .circuit court compel Waveland “to produce complete, and certified copies of the remaining documents needed for Appellants to complete their [b]ill of [exceptions and to award Appellants all costs and expense[s] incurred as a result of the unnecessary delay[.]”
¶ 43. Qn March 15, 2011, Waveland filed a motion to dismiss the appeal due to the Gallaghers’ failure to file a. proper bill of exceptions. On December 2, 2011, the Gallaghers filed an amended bill of exceptions. They also filed a motion for a writ of mandamus due to the mayor’s refusal to sign their bill of exceptions. The Galla-ghers’ motion for a writ of mandamus requested that the circuit court order Wave-land’s mayor to sign the amended bill of exceptions or provide the Gallaghers with a list of objections to the amended bill of exceptions. In response, Waveland filed a motion to strike the Gallaghers’ motion for a writ of mandamus;
¶44. Following a hearing on the parties’ various motions, the circuit court found that both sides had contributed to the delay in obtaining a satisfactory bill of exceptions. The circuit court’s order, filed on March 29, 2012, granted in part the Gallaghers’ motion to compel. The circuit court failed, though, to grant the relief the Gallaghers requested in their motion for a writ of mandamus. As the record reflects, the circuit court failed to order the mayor to note his corrections on the Gallaghers’ bill of exceptions and to sign the same as is required for a proper bill of exceptions.[2] Instead, the circuit court’s' order gave the parties thirty days to agree upon, sign, and file a bill of- exceptions. As the record reflects, however, even after the circuit court’s order to agree, the parties still failed to reach any agreement regarding the information that should be included in the bill of exceptions,
¶ 45. Instead, on April 27, 2012, Wave-land filed its own bill of exceptions, and on April 30, 2012, the Gallaghers filed their “Second Amended Bill of Exceptions.” As the record1 reflects, Waveland’s bill of exceptions contained the mayor’s signature, but the bill filed by the Gallaghers, the aggrieved party, did riot. Waveland subsequently filed motions to have its bill of exceptions declared the' record on appeal and to strike the bills of exceptions filed by the Gallaghers. Waveland argued that, because its bill of exceptions contained all the documents, evidence, and testimony before the Board when the Board made its decision, the circuit court should declare Waveland’s bill of exceptions the record of the appeal. Waveland further asserted that the circuit court should strike the opposing bills of exceptions because those documents attempted to admit evidence not before the Board at the time the Board rendered its decision.
¶ 46. After considering the parties’ arguments, the circuit court found that “[a]n appeal from a decision of the board of *480 supervisors on a zoning matter is strictly limited to the record of what ■ occurred before the board as contained in the bill of exceptions.” Byram 3 Dev. Inc. v. Hinds Cnty. Bd. of Supervisors, 760 So.2d 841, 843 (¶ 5),(Miss.Ct.App.2000) (citation¡omitted). Despite the deficiency- of not having a bill of exceptions that satisfied statutory requirements, the circuit court then declared Waveland’s bill of exceptions to be the proper record of the appeal. The circuit court made this determination even though Waveland possessed no right to file its own bill.[3]
¶ 47. Following the parties’ submission of their briefs, the circuit 'court considered all the evidence and entered an order affirming the Board’s approval of KBM’s application. Aggrieved by the circuit court’s judgment, the Gallaghers now appeal to this Court. In addressing the Gallaghers’ appeal, I acknowledge that the supreme court has recently recognized that a circuit court, sitting as an appellate court, should not hold an evidentiary hearing when considering a bill of exceptions or where no proper bill of exceptions exists. See Powell v. Mun. Election Comm’n of Isola, 156 So.3d 250, 255 (¶ 16) (Miss.2014).
¶48. As previously acknowledged, “a proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court.” Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1012 (¶ 14) (quoting Stewart, 206 So.2d at 328). As also acknowledged, the right to file a bilk of exceptions belongs to-the aggrieved party. Miss.Code Ann. § 11-51-75. As established by precedent, in the present case, Waveland’s mayor should have identified inaccuracies or noted his corrections on the Gallaghers’ bill of exceptions and then signed the bill as correct and filed it with the circuit court. See Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1012 (¶ 14).
- ¶-49. In addition to possessing the right to request corrections to the Gallaghers’ bill and to note corrections on the bill, Waveland possessed the right to request by motion that the circuit court order an amendment to the bill of exceptions after its filing with the circuit court. Miss.Code Ann. § 11-7-211 (Rev.2004).[4] However, our státutory law reflects that no right exists for a city’s designated governing official to simply refuse to sign an aggrieved party’s proffered bill of exceptions and instead file a'separáte and distinct bill with the circuit court.
¶50. A review of-Mississippi caselaw and governing statutory law shows that the circuit court failed to acquire jurisdiction in this case. In its recent opinion in Powell, the supreme court discussed another case where the circuit court failed to acquire jurisdiction over a municipality’s decision. Powell, 156 So.3d at 253 (¶ 10). The supreme court explained in Powell that a “bill of exceptions serves as' the objective record of the proceedings below, and therefore must be examined and certified for authenticity by being signed and delivered to the circuit court by the authority who made the decision.” Id. at (¶ 12). The responsibility of a municipal authority when presented with a bill of exceptions is to review the bill, note any inaccuracies or incompleteness, and then sign the bill as the correct record for the circuit court to review. Id.
*481 ¶51. The supreme court explained in Powell that the aggrieved party had actually sought a -writ of mandamus as a means to appeal the municipal authority’s decision instead of following the statutory procedures to appeal such action, which required the aggrieved party to obtain- 'a record through a bill of exceptions. Id. at 254 (¶ 12). The supreme court further explained that; if Powell had presented a bill of exceptions to the designated 'city official to be reviewed,- signed, and delivered to the circuit court, and if that municipal authority had refused to perform its ministerial duty, then a writ of mandamus would have provided an appropriate remedial mechanism to prompt the authority to perform its required duty. Id. at (¶ 13). See also Reed, 236 Miss. at 339, 111 So.2d at 224 (“[0]nly the acting president of the board of supervisors or the presiding officer of the municipal board can sign a bill of exceptions upon an appeal from an order of the board, and ... in case of his refusal, he may be compelled to do so by mandamus.” (citing Roach v. Tallahatchie Cnty., 78 Miss. 303, 303, 29 So. 93, 93 (1901))).
¶52. In applying governing statutory law and caselaw to the instant case, the record reflects that the Gallaghers followed the procedures necessary to obtain a proper bill of exceptions. They submitted their proposed bill of exceptions to Wave-land’s mayor for him to review, sign, and deliver as required by section 11-51-75 and Mississippi caselaw.[5] When the may- or refused to sign the Gallaghers’ bill, the Gallaghers filed, a motion-for a writ of mandamus consistent with the procedure set forth in the supreme court’s Parnell opinion. See Powell, 156 So.3d at 254 (¶ 13). ' As the record reflects, through their motion for a writ of mandamus, the Gallaghers sought-to remedy the mayor’s inaction and his failure to perform his ministerial duty of reviewing, signing, and delivering the bill of Exceptions to the circuit court. However, the circuit court failed to grant the relief requested by the Galla-ghers’ motion,, and this appeal therefore lacked a proper bill-of exceptions.
¶ 53. In Powell, the supreme court acknowledged that the procedural' deficiency of an improper bill of exceptions cannot be considered harmless. See id. at 255 (¶ 16). The supreme' court further advised that “[h] circuit court, sitting as an appellate court, should not hold an evidentiary hearing when considering a bill of exceptions.” Id. (citing Falco Lime Inc. v. Mayor & Aldermen of Vicksburg, 836 So.2d 711, 720 (¶ 37) (Miss.2002)).
1Í 54. The Powell opinion distinguished the supreme court’s prior decision in Falco Lime by explaining that, in Falco Lime, the circuit court’s decision to hold an evi-dentiary hearing resulted in -harmless error - because-.sufficient evidence existed in the bill -of exceptions for the result reached. Powell, 156 So.3d at 255 (¶ 16) (citing Falco Lime, 836 So.2d at 720-21 (¶ 40)). The Powell opinion also, emphasized that, unlike the appeal in Powell, the appeal in Falco Lime began with a proper bill of exceptions. Powell, 156 So.3d at 255 (¶ 16). The supreme court acknowledged in Powell that, where an appeal -to the circuit court fails,to originate with a proper bill of exceptions, the supreme court will refuse to extenfi harmless-error review to the fundamental jurisdictional posture of the case. Id.
¶ 55. ' In the present case, the Galla-ghers’ appeal to the circuit court failed to originate with a proper bill of exceptions. *482 As explained in Powell and Wilkinson County Board of Supervisors, this failure deprived the circuit court of appellate jurisdiction. See Powell, 156 So.3d at 255 (¶ 16); Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1012 (¶ 14). In addition, the Gallaghers filed ’a motion for a writ of mandamus with the circuit court after presenting their bill of .exceptions to Wave-land’s mayor for the mayor to sign. As explained in Powell, the circuit court possessed authority to grant the writ of mandamus since the mayor refused to- perform his ministerial duty regarding the Gallaghers’ bill of exceptions. See Powell, 156 So.3d at. 253-54 (¶¶ 12-13). See also Reed, 236 Miss. at 339, 111 So.2d at 224 (discussing mandamus as a means to compel a designated municipal authority to fulfill his ministerial duty to sign a bill of exceptions).
¶ 56. In reviewing the circuit court’s judgment, this Court must adhere to the precedent established by the supreme court, and we must apply the requirements of Mississippi statutory law.[6] In the instant case, the majority’s reliance on this Court’s previous opinion in McKee v. City of Starkville, 97 So.3d 97 (Miss.Ct.App.2012), is misplaced since' McKee conflicts with supreme court precedent and relevant statutofy law. A review of the supreme court precedent cited and relied upon in McKee reflects that this Court misconstrued the supreme court’s decision in Hall v. City of Ridgeland, 37 So.3d 25 (Miss.2010). This Court’s McKee opinion asserts that, in Hall, the supreme court allowed an appeal to circuit court from a city’s decision without a proper bill .of exceptions. McKee, 97 So.3d at 101 (¶ 11).
¶ 57. However, the supreme court’s opinion in Hall reflects that the aggrieved party initially filed an unsigned bill of exceptions, and then, shortly -afterward, the mayor and the board performed their statutory and ministerial duties by signing and filing the corrected bill of exceptions with the circuit court. Hall, 37 So.3d at 32 (¶ 17).[7] As a result, appellate jurisdiction vested in the circuit court through a proper bill of exceptions. Id. Additionally, a review of the supreme court’s opinion in Hall reflects that no issue was raised as to the sufficiency of the corrected.bill of exceptions filed in- that case.
¶ 58. A further review of the supreme court’s opinion in' Hall fails to support the proposition for which it is relied upon and cited by this Court in McKee. Likewise, the supreme court’s opinion in Hall provides no support for the decision of the majority in the instant case since Hall and other supreme court precedent clearly establishes that, without a proper bill of exceptions, a circuit court cannot acquire jurisdiction of an appeal from a municipal board. Therefore, in McKee, this Court veered from the procedures defined by supreme court precedent and Mississippi statutory law, which require a municipal official to sign the bill of exceptions and require a proper bill of exceptions to be filed before a circuit court can acquire jurisdiction. See Powell, 156 So.3d at 253-55 (¶¶ 12-16); Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1011-12 (¶¶ 14-15).
¶ 59. The majority opinion in the present case also misplaces its reliance upon Byram 3 Development Inc. to support.its finding that a circuit court may determine its own bill of exceptions when the appeal fails to originate with a proper bill. • In *483 Byram 3 Development Inc., this Court’s opinion reflected that Byram 3 Development Inc. (Byram 3) filed a bill of exceptions and an attached affidavit. Byram 3 Development Inc., 760 So.2d at 843 (¶ 3). No issue existed in Byram 3 Development Inc. as to the sufficiency of the bill of exceptions filed. Id. at (¶¶ 3-5). Instead, the opinion reflected that, the affidavit addressed matters not included in the bill of exceptions. Id. at (¶ 3). In addition, the opinion explained that the attached affidavit contained allegations regarding factual misrepresentations that were not presented to the board of supervisors, and this Court found that Byram 3 failed to make a record of the perceived misrepresentations before the board to enable the matters to be included in the bill of exceptions. Id. at (¶¶ 3-5).
¶ 60. As acknowledged, a review of this Court’s opinion in Byram 3 Development Inc. reflects that no issues were raised .in that case regarding the sufficiency of the bill of exceptions. Id. Instead, our opinion in Byram 3 Development Inc. focused on the issue that the additional matters contained in the attached affidavit were neither presented to the board nor contained in the record made before the board. Id. Because no record of the additional matters had been made before the board, we found that consideration of those matters on appeal was barred. Id. at 844 (¶ 8). Our decision in Byram 3 Development Inc. therefore fails to support the proposition for which it is- relied upon by the majority in the instant' case. Our decision in By-ram 3 Development Inc. also fails to support the majority’s finding herein that a circuit court can determine its own record despite a procedurally deficient .bill of exceptions.[8] • .
¶ 61. In its affidavit attached to the bill "of exceptions in Byram 3 Development Inc., Byram 3 claimed that factual misrepresentations had been made to the planning commission'regarding occupancy and the need for the development at issue. Id. at 843-44 (¶¶ 3-7). Our opinion in Byram 3 Development Inc. established- that this Court will refuse to review any allegation raised for the first time on appeal. Id. at 842 (¶ 1). As discussed, because no record had been made before the board regarding the perceived factual misrepresentations set forth in Byram 3’s attached affidavit, this Court found the consideration of those allegations to be procedurally barred. Id. at 844 (¶ 8).[9]
. ¶ 62. In the present case, instead of simply refusing to sign the Gallaghers’ bill of exceptions, the mayor possessed an implied duty to identify any aspect of the Gallaghers’ bill that appeared to be inaccurate or incomplete or to note corrections thereon and then to sign and- deliver the bill to the circuit court to authenticate the bill of exceptions. See Powell, 156 So.3d at 253-54 (¶¶ 12-13); Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1012 (¶ 14). Additionally, section 11-7-211 allows the circuit court judge to order an amendment to the bill of exceptions “for the purpose of curing omissions, defects, or inaccuracy” after providing five days’ notice to the interested parties.
¶ 63: Based on a review of the record and applicable statutory law and caselaw, I find that, while the circuit court lacked appellate jurisdictibn in this case, the cir *484 cuit court possessed jurisdiction to grant the Gallaghers’ motion for a writ'of mandamus to require Waveland’s mayor to perform, his ministerial duty to provide .a proper bill of exceptions.[10] Because the bills of exceptions proffered by the parties and relied upon by the circuit court were procedurally and fatally defective, the circuit court lacked .both jurisdiction and a record. upon which it could intelligently act, See Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1012 (¶ 14); Pruitt, 5 So.3d at 469 (¶ 14). I would therefore reverse the circuit court’s judgment and remand this case to the circuit court to provide the opportunity for a l'uling on the Gallaghers? motion for a writ of mandamus and to allow the parties the opportunity to file a properly amended bill of exceptions, either by agreement or by a grant of the writ of mandamus previously filed by the Gallaghers.[11]
BARNES AND JAMES, JJ., JOIN THIS OPINION. IRVING, P.J., JOINS THIS OPINION IN PART.

. See Powell v. Mun. Election Comm’n of Isola, 156 So.3d 250, 253-54 (¶¶ 12-13) (Miss. 2014); Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1012 (¶ 14).

. See Miss.Code Ann. § 11-51-75.

. See also Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1011-12 (¶¶ 14-15) (finding that the circuit court lacked jurisdiction due to a fatally defective bill of exceptions because the board failed to follow the- statutory procedures for submitting a corrected bill of exceptions); Stewart, 206 So.2d at 328 (finding that the circuit court properly dismissed the , appeal because it lacked jurisdiction due to a fatally defective bill of exceptions).

. See Powell, 156 So.3d at 253 (¶ 12); Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1012 (¶ 14).

. See Powell, 156 So.3d at 253-55 (¶¶ 12-16); Wilkinson Cnty. Bd. of Supervisors, 767 So.2d at 1011-12 (¶¶ 14-15); Miss.Code Ann. § 11-7-211; Miss.Code Ann. § 11-51-75.

. See also Powell, 156 So.3d at 253 (¶ 12) (stating that a municipal authority possesses the duty to sign a bill of exceptions and then deliver it to the court to authenticate the bill).

. See Powell, 156 So.3d at 255 (¶ 16) (discussing that a procedurally deficient bill of exceptions results in reversible error for lack of jurisdiction); Miss.Code Ann. § 11-51-75.

. See also Blackwell v. Miss. Bd. of Animal Health, 784 So.2d 996, 1002 (¶ 14) (Miss.Ct.App.2001) (stating that this Court refuses to ■ review any allegation of errpr raised for the first time on appeal and therefore not supported by the record).

. See Reed, 236 Miss. at 339, 111 So.2d at 224 (explaining that "only the acting president of the board of supervisors or the presiding officer of the municipal board can sign a bill of exceptions upon an appeal from an order of the board, and that in case of his refusal, he may be compelled to do so by mandamus” (citing Roach, 78 Miss. at 303, 29 So. at 93)).

. The supreme court's opinions in Reed and Powell explain that a municipal authority presented with a bill of exceptions possesses the responsibility to review the bill, note any inaccuracies, and then sign the bill as the correct record for the circuit court to review. See Powell, 156 So.3d at 253 (¶ 12); Reed, 236 Miss. at 340, 111 So.2d at 224. If the designated municipal authority refuses to sign the bill of exceptions upon an appeal of an order of the municipal board, then the court can compel the official by mandamus. See Reed, 236 Miss. at 339, 111 So.2d at 224; Roach, 78 Miss. at 303, 29 So. at 93.