SAMUEL R. ROACH *v.* TALLAHATCHIE COUNTY.

1. BOARD OF SUPERVISORS.   *Appeal.   Bill of exceptions.   By whom signed.   Code* 1892, § 79.   *Mandamus.*

Only the president of the board of supervisors can sign a bill of exceptions upon appeal from a judgment of said board to the circuit court, under code 1892, § 79, so providing, and, in case of his refusal, he may be compelled to do so by mandamus.

2. SAME.   *Code* 1892, § 737.

Section 737, code 1892, providing for bills of exceptions to be signed by attorneys, where the judge refuses to sign, has no application to appeals from the board of supervisors, under code 1892, §79.

FROM the circuit court of Tallahatchie county.

HON. FRANK E. LARKIN, Judge.

Roach, the appellant, was plaintiff in the court below, Tallahatchie county was defendant there.    The board of supervisors of the county ordered a local option election under the dramshop chapter of the code; Roach desiring to appeal from the order for the election, presented a bill of exceptions to the president of the board of supervisors, embodying, as he averred, the evidence upon which the board acted in directing the election.    This bill the president refused to sign, and thereupon Roach obtained the signatures thereto of two attorneys at law in accordance with § 737, code 1892, assuming the section to have application, and took his appeal to the circuit court.    The bill of exceptions, so signed, was on motion of the county

striken from the record by the circuit court, and Roach appealed to the supreme court.

*Sanders & Harris* and *James Stone*, for appellant.

Section 737, code of 1892 (chapter on circuit court) provides that when the judge shall refuse to sign a bill of exceptions, it shall be lawful for two attorneys at law who may be present, etc., to sign the same, and the bill of exceptions so authenticated shall have the same force and effect as if it had been signed by the judge. "The statute provides the only remedy where the judge refuses to sign." *Dreyfus* v. *Cage*, 62 Miss., 605.

Section 629, code of 1892, reads: "All things contained in this chapter, not restricted by their nature or by express provision to particular courts, shall be the rules of decision and proceeding in all courts whatsoever."

The application of this statute to the case at bar establishes the right of the appellant to be heard on his bill of exceptions as presented, the president of the board having refused to sign the same. This court has held, in two cases at least, that the statute applies to proceedings in justice of the peace courts, where the proceeding sought to be had was only provided in the chapter on circuit courts, as in the present case. *Betts* v. *Baxter*, 58 Miss., 329; *Smith* v. *Newlon*, 62 Miss., 230.

There is no good reason why the same should not be applied to proceedings in boards of supervisors' courts. Our lawmakers never intended that presidents of boards of supervisors should be vested with more arbitrary power than judges and chancellors.

In the case of *Ferguson* v. *Monroe County*, 71, Miss., 524, which was an appeal case from an order of a board of supervisors, ordering a local option election, it was contended that because in the chapter on dramshops, code 1892, there is no provision for appeal, the action of the board was final. This court held that the dramshop chapter must be construed in

connection with the whole code of which it is a part, and that § 79 of the code provided for appeals in such cases. By parity of reasoning § 737, providing for the signing by attorneys of bills of exceptions, is to be read into and in connection with the statute providing for local option elections. While the right of appeal by bill of exceptions is purely statutory, yet such right is to be liberally construed and allowed. *Ferguson* v. *Monroe County*, 71 Miss., 524.

In *Smith* v. *Newlon*, 62 Miss., 234, the court says in regard to § 1585, code 1880, which is the same as § 629, code 1892, in applying a proceeding provided in the chapter on circuit courts to a similar matter in justice of the peace courts, "The remedy afforded by the provision is a highly beneficial one, and and the necessity for it exists as well in the courts of the justices of the peace as those of higher jurisdiction." We are unable to see why the same liberal and reasonable construction should not be applied to § 737 in connection with § 629.

*Dinkins & Caldwell*, for appellee.

Section 79, code of 1892, provides no substitute for the signature of the president of the board of supervisors to a bill of exceptions to a judgment or decision of that court, and, unless § 737 applies, this appeal must fail. It is contended that § 629, code 1892, extended the provisions of § 737 to bills of exceptions taken under § 79 to a judgment of the board of supervisors, but this contention is unsound, as the very language of the statute (§ 733) providing for bills of exceptions in the circuit court restricts its application to that court. It reads: "If, on the trial of any cause in the circuit court, any person shall be aggrieved," etc.

Why expressly extend, by § 555, the provisions to the chancery court? Why the language used in that section, "and all provisions of law applicable to obtaining bills of exceptions in a circuit court shall apply to a chancery court," referring to §§ 733–737? From this action of the legislature it is neces-

sarily implied, and from the language used in § 733 it is expressly provided, that the provisions of § 737 are limited to the circuit court.

Bills of exceptions, being purely a creation of a statute, cannot be extended to cases not within its contemplation, and the statute providing for bills of exceptions must be strictly followed and the bill authenticated in the manner prescribed, and, where the statute designates a person to sign the bill, the power cannot be delegated, since it involves a judicial decision that the bill is correct. 3 Enc. Pl. & Prac., 451–453. Such statutes are mandatory (*Ib.*, 457), and the only remedy, where the officer refuses to sign, is by mandamus. *Ib.*, 489. Unless the statute makes other provision, as, for instance, by bystanders, and, in this state, where provision is made in the case of circuit and chancery courts for its being done by two attorneys, it constitutes the only remedy. *Dreyfus* v. *Cage*, 62 Miss., 605. But such provision does not apply to cases before boards of supervisors. The remedy is by mandamus.

CALHOON, J., delivered the opinion of the court.

On appeals from the action of boards of supervisors code, § 79, requires that bills of exceptions "shall be signed by the person acting as president." In the case at bar that officer refused to sign the bill, whereupon Mr. Roach, the appellant, did not proceed by mandamus, as he might have done, to compel a signature, but had it signed by two disinterested attending counsel, under code, § 737. The circuit court on the county's motion, struck out the bill of exceptions. This action was proper under the law. Section 737 does not apply because by reading it and preceding sections from § 733, it will be seen that it is plainly restricted to circuit courts, and, therefore, no help comes from § 629. Section 555 expressly makes the circuit court law as to bills of exceptions applicable to chancery courts. There is no such provision as to boards of supervisors. *Affirmed.*