REED, MAYOR, ETC. *v.* ADAMS, et al.

No. 41121         April 13, 1959         111 So. 2d 222

*Pete H. Carrubba,* Long Beach; *Donald O. Simmons,* Gulfport, for appellant.

*Owen T. Palmer, Jr., Charles R. Galloway,* Gulfport, for appellee.

HOLMES, J.

This is a mandamus suit to require the Mayor of the City of Long Beach, Mississippi, to sign a bill of exceptions submitted to him for his signature in pursuance of an appeal from an order of the Board of Mayor and Aldermen of the City of Long Beach adopting a rezoning ordinance.

The appellees, who are residents, qualified electors, property owners and taxpayers of the City of Long Beach, filed the petition for a writ of mandamus in the Circuit Court of Harrison County against R. L. Reed, Jr., Mayor of the City of Long Beach, appellant herein. The petition for writ of mandamus alleged that on the 24th day of September, 1957, the Board of Mayor and Aldermen of the City of Long Beach, held a meeting at which a hearing was had relating to a proposal to

adopt a re-zoning ordinance providing that a certain area in the City of Long Beach, which had theretofore been zoned residential, be re-classified from residential to "limited commercial." It was further alleged in the petition that at said hearing the petitioners appeared and produced before the board certain evidence and testimony in opposition to the adoption of the proposed ordinance, and that at the conclusion of the hearing the board adopted the ordinance over the protest and objection of the appellees. The appellees charged in their petition that the ordinance so adopted was unwarranted and unjustified and constituted an illegal and unreasonable finding, adjudication and action on the part of the board. It was further alleged in the petition that the appellees, within the time allowed by law, undertook to perfect an appeal from said order of the board and prepared a bill of exceptions which purported to embody the facts, judgment and decision of the board, and that said bill of exceptions was duly and timely presented to the mayor for his signature, and that he refused to sign the same upon the claimed grounds that in his opinion the bill of exceptions was incorrect in material particulars.

The prayer of the petition was as follows: "Wherefore, your petitioners pray that a writ of mandamus of this honorable court do issue directed to the said Honorable R. L. Reed, Jr., to be served and returned as provided by law, and that the said Honorable R. L. Reed, Jr., be caused to appear and to show cause why said bill of exceptions has not been signed. And your petitioners pray for an order directing the said R. L. Reed, Jr. to sign said bill of exceptions and to prepare the record and transmit to this court the record for appeal from the action of the Mayor and Board of Aldermen of the City of Long Beach, all as provided by the laws of this state."

A copy of the bill of exceptions presented to the mayor as aforesaid and a copy of the ordinance as adopted as aforesaid were filed as exhibits to the petition.

The appellant answered the petition and denied that the ordinance adopted by the board as aforesaid was unwarranted and unjustified and constituted an illegal and unreasonable finding and adjudication and action on the part of the Board of Mayor and Aldermen. He admitted that the bill of exceptions exhibited to the petition was duly and timely presented to him for his signature, and that he refused to sign the same for the reason that said bill of exceptions was incorrect in several material particulars.

The circuit court heard the case on the petition and exhibits thereto, and the answer of the defendant below. No evidence was introduced before the circuit court on the hearing. In the course of the hearing, one of the counsel for the appellees proposed to the appellant in open court that if he would ''present those things you thought incorrect, we would just incorporate them in an amendment to this.'' The record shows no response to this proposal. Following the submission of the matter to the circuit court, the court entered an order finding that the Mayor did not sign the bill of exceptions for the reason that he did not agree that the same constituted a true statement of the facts and matters which took place at the meeting, and finding that under these circumstances the mayor had the right not to sign a bill of exceptions which he considered to be incorrect. The court, however, further found that under the circumstances it was the duty of the mayor to set out by an addition to the bill of exceptions wherein he deemed the same to be incorrect, and then to sign the bill of exceptions as corrected by him. Accordingly, the court granted the writ of mandamus commanding the mayor to sign the bill of exceptions after amending the same

to his satisfaction and in accordance with the facts and happenings at the meeting of the Board of Mayor and Aldermen as he understood them to be. From that order of the trial court, this appeal is prosecuted.

■■■ ■ The sole question presented on this appeal is whether the mayor was under a duty to point out what, in his opinion, constituted the errors in the bill of exceptions on the presentation of the bill to him, and to sign the same in accordance with the corrections so indicated, or whether or not the Mayor could arbitrarily refuse to sign the bill of exceptions upon the grounds that he considered the same incorrect.

The statute controlling the question here presented is Section 1195 of the Mississippi Code of 1942, which provides in its pertinent parts as follows:

"Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors, or the municipal authorities, . . . ."

It is further provided in the statute that when such bill of exceptions has been signed by the presiding officer, the clerk of the city (in case of a municipality) shall transmit the bill of exceptions to the circuit court on or before the first day of the next succeeding term, or at once if the court be in session.

The procedure provided for in the aforesaid Code section is the only remedy by way of appeal from an order of the board of supervisors or the board of mayor and aldermen of a municipality. This Court has on several occasions been called upon to deal with this particular statute.

In the case of Richmond v. Enochs, 109 Miss. 14, 67 So. 649, this Court observed that bills of exceptions were unknown to the common law, and are founded wholly upon statute, and can be made up only within the time and in the manner and place provided by statute.

In the case of Roach v. Tallahatchie County, 78 Miss. 303, 29 So. 93, the Court held that only the acting president of the board of supervisors or the presiding officer of the municipal board can sign a bill of exceptions upon an appeal from an order of the board, and that in case of his refusal, he may be compelled to do so by mandamus.

In the case of Polk v. Hattiesburg, 109 Miss. 872, 69 So. 675, the Court held that it is the duty of the presiding officer to sign the bill of exceptions and that he has no discretion in the matter. In that case there was an appeal from an order of the municipal board of the City of Hattiesburg closing an alley over the protests of objectors. The objectors duly prepared their bill of exceptions and presented the same to the mayor. The mayor approved the same as correct but refused to sign the same. The court held that the actual assent of the mayor to the correctness of the bill of exceptions was sufficient under the circumstances to perfect the appeal and to vest the circuit court with jurisdiction of the whole record. On the suggestion of error filed in the case of Polk v. City of Hattiesburg, supra, the Court made this observation: "If the bill in question was incorrect, and was not in fact approved by the mayor, a different question would present itself." Polk v. City of Hattiesburg, 110 Miss. 80, 69 So. 1005.

In the case of Hathorn v. Morgan, Mayor, etc., 107 Miss. 589, 65 So. 643, the Court held that where a mayor refused to sign a bill of exceptions because not timely filed, his reason for refusal to sign was sufficient.

Appellant, in the instant case, contends that since the mayor was under no duty to sign an incorrect bill of exceptions his reason for refusal was sufficient. We

have found no decision of this Court, and counsel in the case have cited none, passing upon the question whether in a case where the mayor is of the opinion that the bill of exceptions is incorrect, he may arbitrarily refuse to sign the same, or whether it is his duty to point out wherein the bill of exceptions is incorrect, and to sign the same as corrected by him. The trial court held that the mayor was under the further duty in such case to correct and sign the bill of exceptions as corrected.

The general rule with respect to bills of exceptions when presented to the proper official for signature appears to be that such officer or official cannot arbitrarily refuse to sign and return the bill of exceptions merely because he deems the same to be incorrect, but that it is his duty to point out wherein he deems the same to be incorrect, and to note his corrections thereon, and to sign the same as corrected. In original Volume 4A, C. J. S., Appeal and Error, Section 846, page 742, is the following:

"The trial judge may not arbitrarily refuse a proposed bill of exceptions which is inaccurate or defective should not be arbitrarily refused, but the judge should return the bill with reasons for his refusal, and should propose corrections to be made, or should himself make such corrections before settling and signing the bill."

This general rule seems to us to be the only logical and reasonable rule to apply to the facts as presented in this record. As stated heretofore, Section 1195 of the Code of 1942 provides the only remedy by way of an appeal from an order of a board of supervisors or a municipal board, and if the presiding officer of either board, on presentation to him of the bill of exceptions, could just arbitrarily refuse to sign the same upon the grounds that in his opinion he did not deem the same to be correct, the party seeking to prosecute the appeal would be wholly denied his right of appeal. We do not

think that the Legislature had such a result in contemplation when it enacted the statute in question.

The statute made it the mandatory duty of the mayor to sign a bill of exceptions when timely presented to him. If he deemed incorrect the bill of exceptions presented to him, he was under an implied duty to point out wherein he deemed the same incorrect so that the aggrieved parties might have an opportunity to amend the same, and then to sign the same as corrected. The right of appeal under the statute is a valuable right and it is not the policy of the law to deny to a litigant a valuable right except upon justifiable grounds. We do not think such grounds are present in this case.

We find no merit in the further contention of appellant that the prayer of the petition was not broad enough to warrant the relief granted. The prayer of the petition sought the performance by the mayor of his statutory duty. This included not only his duty to sign a bill of exceptions when timely presented to him, but also an implied duty, if he deemed incorrect the bill of exceptions presented to him, to point out wherein the same was incorrect, and to sign the same as corrected. This was the relief granted, and we think it is clear that the prayer of the petition was sufficiently broad to encompass such relief.

We are accordingly of the opinion that the judgment of the court below is correct and that it should be and is affirmed.

Affirmed.

*McGehee, C. J.,* and *Hall, Lee* and *Ethridge, JJ.,* concur.