*99 MODIFIED OPINION ON MOTION FOR REHEARING
IRVING, P. J„
for the Court:
¶ 1, The motion for rehearing is denied. The previous opinion of this Court is withdrawn, and this opinion is substituted therefor.
¶ 2. In 2008, George C. McKee filed an application with the City of Starkville, Mississippi (City), seeking to rezone .75 acres from R-2 (“single family/duplex”) to R-5 (“multi-family/ high-density”). The City’s Board of Aldermen (Board) denied the rezoning request, despite the Planning and Zoning Commission’s (Planning Commission) recommendation that the request be approved. McKee appealed the Board’s decision to the Oktibbeha County Circuit Court, which affirmed the Board’s decision. Feeling aggrieved, McKee appeals and argues that: (1) his due process rights were violated because he did not have notice of the Board’s meeting where his application was denied, and (2) the circuit court erred in finding that the Board’s decision was supported by substantial evidence and was not arbitrary and capricious.
¶ 3. Because McKee’s due process rights were violated when the Board failed to notify him of the board meeting where it considered, and ultimately denied, his rezoning request, we reverse the circuit court’s judgment and remand this case to the Board for a properly noticed hearing. As the first issue is dispositive, we need not address McKee’s second issue.
FACTS
¶ 4. McKee sought to rezone .75 acres of his property from R-2 to R-5 to expand an existing apartment complex, which he also owned. The Planning Commission prepared a staff report and noted that the adjacent properties to the north, south, and west of the subject property were zoned R-5. Consequently, the Planning Commission found that the character of the neighborhood had changed from single-family residential to high-density residential and from owner-occupied dwellings to rental properties. Additionally, it found that a public need existed for the rezoning, given the constant need for rental units to house the growing student population at Mississippi State University. Based on its findings, and following a public hearing on the matter, the Planning Commission unanimously recommended approval of McKee’s rezoning request to the Board. Despite the Planning Commission’s unanimous recommendation, the Board denied McKee’s request based on its belief that McKee had not sufficiently proven a change in the neighborhood’s character.
¶ 5. Following the Board’s denial, McKee filed a bill of exceptions. However, contrary to the requirements of Mississippi Code Annotated section 11-51-75 (Rev. 2002), McKee’s bill of exceptions was not signed by the City’s mayor.[1] The City responded by filing its own bill of excep *100 tions, which the mayor signed. Additionally, the City filed a “Motion to Strike and/or Dismiss,” claiming that only its bill of exceptions complied with the requirements of section 11-51-75 and could be considered by the circuit court in reviewing the Board’s decision.
¶6. Additional facts, as necessary, will be related during our analysis and discussion of the issues.
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 7. A zoning decision made by a city’s board of aldermen will “not be set aside unless it is clearly shown to be arbitrary, capricious, discriminatory, or is illegal, or without a substantial evidentiary basis.” Thomas v. Bd. of Supervisors, 45 So.3d 1173, 1180 (¶ 22) (Miss.2010) (quoting Faircloth v. Lyles, 592 So.2d 941, 943 (Miss.1991)). Furthermore, “[t]he action of the zoning authority must not be disturbed where the issue is ‘fairly debatable.’ ” Id. at 1181 (¶ 23) (quoting Childs v. Hancock County Bd. of Supervisors, 1 So.3d 855, 859 (¶ 12) (Miss.2009)).

1. Subject Matter Jurisdiction

¶ 8. Section 11-51-75 provides for an appeal from a decision of a board of supervisors or a municipal authority through a bill of exceptions. “The bill of exceptions serves as the record on appeal, and ... the circuit court [may] only consider the case as made by the bill of exceptions.” Wilkinson County Bd. of Supervisors v. Quality Farms, Inc., 767 So.2d 1007, 1011 (¶ 11) (Miss.2000) (quoting Hooks v. George County, 748 So.2d 678, 680 (¶ 11) (Miss.1999)). The Mississippi Supreme Court has explained the proper procedure for filing a bill of exceptions as follows:
The general rule with respect to bills of exceptions when presented to the proper official for signature appears to be that such officer or official cannot arbitrarily refuse to sign and return the bill of exceptions merely because he deems the same to be incorrect, but that it is his duty to point out wherein he deems the same to be incorrect, and to note his corrections thereon, and to sign the same as correct.
If he deemed incorrect the.bill of exceptions presented to him, he was under an implied duty to point out wherein he deemed the same incorrect so that the aggrieved parties might have an opportunity to amend the same, and then to sign the same as corrected.
Id. at 1012 (¶ 14) (quoting Reed v. Adams, 236 Miss. 333, 340-41, 111 So.2d 222, 224-25 (1959)).
¶ 9. Furthermore, “[i]f the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the court does not have a record upon which it can intelligently act.” Id. (quoting Stewart v. City of Pascagoula, 206 So.2d 325, 328 (1968)). Finally, our supreme court has held that “a proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court.” Id.
¶ 10. In this case, McKee’s bill of exceptions did not comply with the procedural requirements set forth in section 11-51-75 and explained by the supreme court in Wilkinson because it did not contain the mayor’s signature. The City also failed to comply with the requirements because, rather than noting the portions of McKee’s bill of exceptions that it deemed incorrect and allowing him to amend it, it filed its own bill of exceptions. Neither party has raised the issue of jurisdiction based on the lack of a properly filed bill of exceptions. “Nevertheless, all courts must *101 be constantly aware of questions of their jurisdiction to proceed and must be prepared to decide a question pertaining to jurisdiction at any time, even if the court must raise the issue on its own motion.” Dunaway v. Dunaway, 749 So.2d 1112, 1120 (¶ 25) (Miss.Ct.App.1999) (citing Waits v. Black Bayou Drainage Disk, 186 Miss. 270, 283, 185 So. 577, 578 (1939)).
¶ 11. While neither McKee nor the City complied with the procedural requirements set forth in Wilkinson, the bills of exceptions filed with the circuit court contained the “pertinent and important facts and documents” and constituted “a record upon which [the court could] intelligently act.”[2] Wilkinson, 767 So.2d at 1012 (¶ 14). Furthermore, the supreme court has previously addressed the merits of an appeal where there were two bills of exceptions before the circuit court-one filed by local residents without the mayor’s signature and another filed by the Board of Aldermen with the mayor’s signature. See Hall v. City of Ridgeland, 37 So.3d 25, 32 (¶ 17) (Miss.2010). Therefore, under these facts, we decline to dismiss for lack of subject matter jurisdiction.
¶ 12. Our decision in this case should not be interpreted as an abandonment of the procedure outlined in Wilkinson. Had we determined that the circuit court did not have a record before it upon which it could intelligently act, this Court would have dismissed the appeal based on lack of subject matter jurisdiction. See Wilkinson, 767 So.2d at 1012 (¶ 14) (dismissing for lack of subject matter jurisdiction where the City did not follow the procedure for submitting a corrected bill of exceptions, and the circuit court considered evidence outside of the bill of exceptions); Stewart, 206 So.2d at 328 (dismissing for lack of subject matter jurisdiction where the bill of exceptions omitted pertinent documents).

2. Due Process

¶ 13. McKee also argues that the Board violated his right to due process when it failed to notify him of the meeting where it denied his rezoning application. However, the City contends that based on the plain language of Mississippi Code Annotated 17-1-17 (Supp.2011), McKee was not entitled to notice of the Board’s meeting. Section 17-1-17 provides, in pertinent part:
Zoning regulations, restrictions and boundaries may, from time to time, be amended, supplemented, changed, modified or repealed upon at least fifteen (15) days’ notice of a hearing on such amendment, supplement, change, modification or repeal, said notice to be given in an official paper or a paper of general circulation in such municipality or county specifying a time and place for said hearing. The governing authorities or any municipal agency or commission, which by ordinance has been theretofore so empowered, may provide in such notice that the same shall be held before the city engineer or before an advisory committee of citizens as hereinafter provided and if the hearing is held before the said engineer or advisory committee it shall not be necessary for the governing body to hold such hearing but may *102 act upon the recommendation of the city engineer or advisory committee. Provided, however, that any party aggrieved with the recommendation of the city engineer or advisory committee shall be entitled to a public hearing before the governing body of the city, with due notice thereof after publication for the time and as provided in this section.
(Emphasis added). The City contends that because the Planning Commission recommended approval of McKee’s rezoning application, he was not an aggrieved party and was not entitled to a public hearing before the Board under section 17-1-17. While the plain language of the statute supports the City’s position, it produces a result that is inconsistent with our existing case law. Our supreme court has stated that in proceedings before city zoning authorities, due process requires notice and “the opportunity to be heard at all critical stages of the process.” Carpenter v. City of Petal, 699 So.2d 928, 931 (¶ 9) (Miss.1997) (quoting Thrash v. Mayor & Comm’rs of Jackson, 498 So.2d 801, 808 (Miss.1986)).
¶ 14. The City’s interpretation of section 17-1-17 would only be consistent with the due process requirements announced in Carpenter and Thrash if the Board was bound by the Planning Commission’s recommendation regarding rezoning applications. However, the Board is not bound by the Planning Commission’s recommendations, and it may deny a request even where, as in this case, the Planning Commission unanimously recommends approval (provided, of course, that its decision is supported by substantial evidence). Therefore, even where a party has not been aggrieved by the recommendation of the city engineer or advisory committee, he is still entitled to notice of the hearing before the governing body of the city where the rezoning request is considered.
Because McKee was not given notice of the Board’s meeting where his rezoning request was denied, he was denied due process. Consequently, we reverse the circuit court’s judgment and remand this case to the Board for a properly noticed hearing on McKee’s rezoning request.
¶ 15. THE JUDGMENT OF THE OK-TIBBEHA COUNTY CIRCUIT COURT IS REVERSED, AND THIS CASE IS REMANDED FOR FURTHER PROCEEDINGS CONSISTENT WITH THIS OPINION. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE AP-PELLEE.
LEE, C.J., GRIFFIS, P.J., ISHEE, ROBERTS, CARLTON AND MAXWELL, JJ„ CONCUR. BARNES, RUSSELL AND FAIR, JJ., NOT PARTICIPATING.

. Section 11-51-75 provides, in pertinent part:
Any person aggrieved by a judgment or decision of the board of supervisors, or municipal authorities of a city, town, or village, may appeal within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions which shall be signed by the person acting as president of the board of supervisors or of the municipal authorities. The clerk thereof shall transmit the bill of exceptions to the circuit court at once, and the court shall either in term time or in vacation hear and determine the same on the case as presented by the bill of exceptions as an appellate court, and shall affirm or reverse the judgment.

. McKee takes exception to certain statements in the City’s bill of exceptions. Specifically, McKee complains that the City’s bill of exceptions erroneously states that the Board "unanimously” denied his application where five aldermen voted to deny and two aldermen voted to approve. McKee also complains that the City’s bill of exceptions incorrectly claims that he "appealed" to the Board following the Planning Commission's recommendation that his rezoning application be approved when no such appeal was filed. However, neither of these claims is material to the resolution of this appeal.