# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2013-CP-00273-COA

**CHARLES GALLAGHER AND ANITA GALLAGHER**                    **APPELLANTS**

**v.**

**CITY OF WAVELAND, MISSISSIPPI**                    **APPELLEE**

| | |
|---|---|
| DATE OF JUDGMENT: | 01/10/2013 |
| TRIAL JUDGE: | HON. ROGER T. CLARK |
| COURT FROM WHICH APPEALED: | HANCOCK COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | CHARLES GALLAGHER (PRO SE) |
| | ANITA GALLAGHER (PRO SE) |
| ATTORNEY FOR APPELLEE: | GARY MCKAY YARBOROUGH JR. |
| NATURE OF THE CASE: | CIVIL - OTHER |
| TRIAL COURT DISPOSITION: | ENTERED AN ORDER AFFIRMING THE CITY OF WAVELAND'S DECISION TO APPROVE KBM LLC'S SUBDIVISION |
| DISPOSITION: | AFFIRMED: 05/19/2015 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**GRIFFIS, P.J., FOR THE COURT:**

¶1.     Charles and Anita Gallagher appeal the ruling of the Hancock County Circuit Court that affirmed the decision of the City of Waveland to approve a proposed preliminary plat for a subdivision.  We find no error and affirm.

## FACTS AND PROCEDURAL HISTORY

¶2.     In 2010, KBM LLC submitted a preliminary plat for a planned subdivision in Waveland, Mississippi.  KBM intended to create a seventeen-lot subdivision on an area of

land between Mollere Drive and Central Avenue.

¶3.     KBM submitted the plan to the Planning and Zoning Board requesting approval of the subdivision, an extension of the cul-de-sac variance from 600 feet to 1,213 feet, and approval of an extended construction time from one year to five years.

¶4.     The planning board approved KBM's requests, except the planning board allowed for a two year construction-time extension rather than the requested five years, and recommended approval of the preliminary plat to the City's Board of Aldermen (the "Board").

¶5.     On May 24, 2010, the Board held a public hearing regarding final approval of KBM's preliminary plat. The Gallaghers, along with others who lived along Mollere Drive, attended the hearing and opposed final approval of the preliminary plat until KBM and the City provided further information.

¶6.     The Gallaghers' primarily objected to a change from KBM's initial plan. KBM originally placed the entrance to the proposed subdivision on one side of the land, which led onto Central Avenue, but changed the entrance to Mollere Drive. On June 1, 2010, the Board approved the preliminary plat with the entrance to the subdivision on Mollere Drive.

¶7.     On June 11, 2010, the Gallaghers and others residents on Mollere Drive[1] filed a notice of appeal and a proposed bill of exceptions in the Circuit Court of Hancock County. The Gallaghers submitted a motion for a writ of mandamus and motion to compel in order to get

---

[1] In the case below, the plaintiffs were John Impson, Gwen Impson, Roy Responte, Nancy Finlasen, Hugh Finlasen, Mary Waldrep, Oscar Waldrep, and the Gallaghers. Only the Gallaghers appealed the circuit court decision to this Court.

certain documents from the City and to get the City to either sign their proposed bill of exceptions or agree to an amended version to continue with the appeals process. The Gallaghers submitted an amended bill of exceptions to the circuit court without agreement from the City.

¶8. On March 13, 2011, the City filed its motion to dismiss and to strike the Gallaghers' motion for a writ of mandamus. The circuit court issued an order on March 28, 2012, which dismissed the City's motions and required the City and the Gallaghers to submit an agreed bill of exceptions within thirty days of the order.

¶9. The parties, however, could not agree. The City submitted its bill of exceptions on April 27, 2012. The Gallaghers followed with a second amended bill of exceptions on April 30, 2012.

¶10. The circuit court signed an agreed order on May 3, 2012, to extend the time for the parties to agree on a bill of exceptions. However, on May 17, 2012, the City submitted a motion to declare the City's bill of exceptions as the record and a motion to strike the Gallaghers' bills of exceptions. The circuit court, on June 18, 2012, issued an order, which adopted the City's bill of exceptions as the record.

¶11. The circuit court affirmed the decision of the City and Board on January 11, 2013. The Gallaghers argue on appeal that (1) the bill of exceptions adopted by the circuit court was inadequate; (2) the Board's approval of the preliminary plat was arbitrary and capricious; (3) the Board improperly rezoned two residential lots; (4) the Board improperly approved a deficient proposed preliminary plat; and (5) the Board's decision deprived the Gallaghers of

their statutory and constitutional due-process rights.

ANALYSIS

I.      *Whether this Court has subject-matter jurisdiction to hear the merits of this case.*

¶12.    There are two issues about this Court's jurisdiction over this appeal. First, as is often the case in appeals such as this, the preparation and production of a record, i.e., the bill of exceptions, created a controversy. The Gallaghers maintain that the bill of exceptions adopted by the circuit court omitted several documents that require review by this Court. Second, the City argues that the Gallaghers failed to preserve any issues in this appeal when the notice of appeal omitted a statement of issues.

A.      *The Bill of Exceptions*

¶13.    Though neither the Gallaghers nor the City argues this Court lacks jurisdiction regarding the bill of exceptions, "[this Court] must be constantly aware of questions of [its] jurisdiction to proceed and must be prepared to decide a question pertaining to jurisdiction at any time, even if the court must raise the issue on its own motion." *McKee v. City of Starkville*, 97 So. 3d 97, 100-01 (¶¶10-11) (Miss. Ct. App. 2012) (quoting *Dunaway v. Dunaway*, 749 So. 2d 1112, 1120 (¶25) (Miss. Ct. App. 1999)).

¶14.    Mississippi Code Annotated section 11-51-75 (Rev. 2012) mandates that an appeal from a board decision occur "within ten (10) days from the date of adjournment at which session the board of supervisors or municipal authorities rendered such judgment or decision, and may embody the facts, judgment and decision in a bill of exceptions . . . ."

4

¶15. "The bill of exceptions serves as the record on appeal, and the circuit court may only consider the case as made by the bill of exceptions." *McKee*, 97 So. 3d at 100 (¶8) (quoting *Wilkinson Cnty. Bd. of Sup'rs v. Quality Farms Inc.*, 767 So. 2d 1007, 1011 (¶11) (Miss. 2000)). "[A] proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court." *Wilkinson Cnty. Bd. of Sup'rs*, 767 So. 2d at 1012 (¶14) (citation omitted). Further, "[a]ppellate review of an agency's decision is limited to the record and the agency's findings." *Miss. Waste of Hancock Cnty. Inc. v. Bd. of Sup'rs of Hancock Cnty.,* 818 So. 2d 326, 330 (¶6) (Miss. 2001) (citation omitted).

¶16. Similar to *Wilkinson County* and *McKee*, this case involves a dispute over the proper bill of exceptions. While the court in *Wilkinson County* dismissed the appeal for lack of subject-matter jurisdiction due to a defective bill of exceptions, this Court allowed an appeal to proceed on a technically defective bill of exceptions in *McKee*.

¶17. In *McKee*, this Court distinguished the case from *Wilkinson County* when it ruled:

> While neither McKee nor the City complied with the procedural requirements set forth in *Wilkinson*, the bills of exceptions filed with the circuit court contained the "pertinent and important facts and documents" and constituted "a record upon which (the court could) intelligently act." *Wilkinson*, 767 So. 2d at 1012 (¶14). Furthermore, the supreme court has previously addressed the merits of an appeal where there were two bills of exceptions before the circuit court – one filed by local residents without the mayor's signature and another filed by the Board of Aldermen with the mayor's signature. *See Hall v. City of Ridgeland*, 37 So. 3d 25, 32 (¶17) (Miss. 2010). Therefore, under these facts, we decline to dismiss for lack of subject matter jurisdiction.

*McKee*, 97 So. 3d at 101 (¶11).

¶18. Thus, this Court found when the bill of exceptions contains "all pertinent and important facts and documents," and constitutes a complete record on which the court could

intelligently act, the appeal will not be dismissed for lack of subject-matter jurisdiction.

¶19. The circuit court adjudicated the question of the proper bill of exceptions and determined the City's bill of exceptions contained only the information presented to the Board to which the circuit court was limited. *See Byram 3 Dev. Inc. v. Hinds Cnty. Bd. of Sup'rs*, 760 So. 2d 841, 843 (¶5) (Miss. Ct. App. 2000) ("An appeal from a decision of the board of supervisors on a zoning matter is strictly limited to the record of what occurred before the board as contained in the bill of exceptions.").

¶20. Because the circuit court determined the proper bill of exceptions and this Court's review is limited, we find subject-matter jurisdiction proper and this issue without merit.

### B. The Preservation of Issues for Appeal

¶21. The City maintains the Gallaghers failed to preserve any issue for appeal when the notice of appeal did not specifically set out the issues. In support of its proposition, the City cites Mississippi Rule of Appellate Procedure 10(b)(4), which states:

> *[U]nless the entire record*, except for those matters identified in (b)(3) of this Rule, *is to be included, the appellant shall . . . file a statement of the issues the appellant intends to present on the appeal* and shall serve on the appellee a copy of the designation and of the statement.

(Emphasis added).

¶22. The City misconstrues the applicability of Rule 10(b) when a bill of exceptions is filed. In this case, the bill of exceptions, while not finalized until well after the ten-day requirement for an appeal from the Board decision, served as the entire record on appeal. Based on this reading of the rule, the Gallaghers were not required to file a separate statement of the issues when they appealed the entire record.

6

¶23. This Court has found "the actual filing of the bill of exceptions with the circuit court within ten days is not an absolute prerequisite to vest the court with jurisdiction as long as some formal pleading indicating an intention to appeal is filed within ten days." *Bowen v. DeSoto Cnty. Bd. of Sup'rs*, 852 So. 2d 21, 23 (¶4) (Miss. 2003).

¶24. Further, this Court can only address issues raised before the Board, not issues raised on appeal for the first time. *See Baker v. Bd. of Sup'rs of Panola Cnty.*, 113 So. 3d 1266, 1269 (¶10) (Miss. Ct. App. 2013) (finding appellants waived judicial review of issue not raised before the board); *see also* Luther Munford, *Mississippi Appellate Practice* §10-24 (2006) ("The only issues that can be raised on appeal are issues that were raised before the board."). Thus, the omission of a statement of issues by the Gallaghers does not preclude their appeal. We find this issue is without merit.

> II. *Whether the Board's decision to approve KBM's preliminary plat was arbitrary and capricious, or against the substantial evidence.*

¶25. The Gallaghers' primary objections to the Board's approval of the preliminary plat involves the location of the subdivision entrance. Because several of the issues the Gallaghers raise implicate the Board's decision, we will address the issues together. First, the Gallaghers assert the Board improperly rezoned two R-1 residential lots. The Gallaghers also assert that Board erred when it incorrectly interpreted city ordinances and violated the city's comprehensive plan. Accordingly, the Gallaghers argue the Board's decision was arbitrary and capricious, or not supported by the substantial evidence.

¶26. "In matters involving zoning decisions by boards of supervisors, the order of the governing body will 'not be set aside unless it is clearly shown to be arbitrary, capricious,

7

discriminatory, or is illegal, or without a substantial evidentiary basis.'" *Thomas v. Bd. of Sup'rs of Panola Cnty.*, 45 So. 3d 1173, 1180 (¶22) (Miss. 2010) (quoting *Faircloth v. Lyles*, 592 So. 2d 941, 943 (Miss.1991)).

¶27. "An act is arbitrary and capricious when it is done at pleasure, without reasoned judgment or with disregard for the surrounding facts and circumstances." *Nelson v. City of Horn Lake ex. rel. Bd. of Aldermen,* 968 So. 2d 938, 942 (¶11) (Miss. 2007) (citation omitted). "Substantial evidence has been defined as 'such relevant evidence as reasonable minds might accept as adequate to support a conclusion' or to put it simply, more than a 'mere scintilla' of evidence." *Wilkinson*, 767 So. 2d at 1010 (¶8) (quoting *Johnson v. Ferguson*, 435 So. 2d 1191, 1195 (Miss. 1983)).

¶28. The Gallaghers maintain the Board improperly rezoned two R-1 lots when it approved the preliminary subdivision plat with the entrance through the R-1 lots onto Mollere Drive. The record shows the Board held public hearings on the approval of the preliminary plat, but did not hold a hearing to specifically address a zoning change to the lots. According to the Gallaghers, this constituted an invalid rezoning of the land.

¶29. This assertion, however, is inaccurate. Mississippi Code Annotated section 17-1-23(3) (Rev. 2012), which dictates regulation of subdivisions, states: "[W]here a map or plat of the subdivision is submitted to the governing authorities of a municipality, and is by them approved, all streets, roads, alleys and other public ways set forth and shown on said map or plat shall be thereby dedicated to the public use . . . ." Therefore, the statute contemplates the necessity of public-use roads in subdivisions, and does not require rezoning in this

8

instance.

¶30. The Gallaghers additionally contend the Board failed to abide by the City's comprehensive plan and city ordinances when it approved the Mollere Drive subdivision entrance. However, "[l]ocal authorities' construction of zoning ordinances is given great weight unless their construction is manifestly unreasonable." *Roundstone Dev. LLC v. City of Natchez*, 105 So. 3d 317, 321 (¶15) (Miss. 2013) (citation omitted).

¶31. The comprehensive plan and city ordinances, the Gallaghers argue, provide that traffic should divert onto main collector streets, like Central Avenue, rather than minor streets, like Mollere Drive. Also, as the Gallaghers point out, the plan seeks to protect and maintain the existing neighborhoods in Waveland. Additionally, the Gallaghers state the preliminary plat failed to meet the requirements in city ordinance 219.

¶32. Yet the Gallaghers fail to show the City contradicted the comprehensive plan or failed to apply ordinance 219. The plan and ordinances both focus on maintaining and protecting existing subdivisions while encouraging the development of new subdivisions, as well as account for streets within new subdivisions. The Gallaghers also could not support their assertion that KBM's preliminary plat did not conform with the requirements of ordinance 219.

¶33. Finally, the Gallaghers raise the issue of whether the Board deprived them of their due-process rights when the Board failed to notice the public of the substance of the hearings on May 24 and June 1, 2010. The hearings on the preliminary plat implicated an issue of rezoning, according to the Gallaghers, which required the Board to notice the rezoning.

9

However, as previously addressed, the approval of the preliminary plat did not constitute a rezoning.

¶34. Based on these findings, this Court cannot say the City acted in an arbitrary and capricious manner. The Board weighed the evidence before it in approving the preliminary plat, and we cannot hold the substantial evidence contradicts the Board's decision. Further, we find the approval of the preliminary plat did not constitute an improper rezoning. For these reasons, we affirm the decision of the circuit court.

¶35. **THE JUDGMENT OF THE CIRCUIT COURT OF HANCOCK COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.**

**LEE, C.J., ISHEE, ROBERTS, MAXWELL AND FAIR, JJ., CONCUR. CARLTON, J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES AND JAMES, JJ.; IRVING, P.J., JOINS IN PART.**

**CARLTON, J., DISSENTING:**

¶36. I respectfully dissent from the majority's opinion. I find that the bill of exceptions accepted by the circuit court was fatally defective and failed to provide an intelligent record upon which the circuit court could act. Because the parties failed to provide a proper bill of exceptions, the circuit court lacked subject-matter jurisdiction in this case. As a result, I would reverse the circuit court's judgment and remand this case to allow the circuit court to rule on the Gallaghers' motion for a writ of mandamus and to provide the parties the opportunity to file a properly amended bill of exceptions.

¶37. Appeals from governing municipal boards are creatures of statute. *See generally Jones v. City of Ridgeland*, 48 So. 3d 530, 543-44 (¶43) (Miss. 2010) ("The right of appeal

10

is purely a creature of statute." (citations omitted)). Mississippi Code Annotated section 11-51-75 (Rev. 2012) establishes the requirements for such appeals. *Wilkinson Cnty. Bd. of Supervisors v. Quality Farms Inc.*, 767 So. 2d 1007, 1011-12 (¶¶11-14) (Miss. 2000). Section 11-51-75 clearly provides an aggrieved party with the right to prepare a bill of exceptions.

¶38.    The Gallaghers, the aggrieved party in the present case, assert that the circuit court erred by finding that Waveland's bill of exceptions accurately reflected the issues presented on appeal. A review of the record reflects that Waveland's proffered bill of exceptions failed to satisfy the requirements of section 11-51-75 since the bill was neither agreed to nor prepared by the aggrieved party in this case. The failure to follow the statutory procedures required to obtain a proper bill of exceptions deprived the circuit court of jurisdiction.

¶39.    Although neither party raised the issue of jurisdiction due to the lack of a properly filed bill of exceptions, "[j]urisdiction is a question of law, which [the appellate court] reviews de novo." *Issaquena Warren Counties Land Co. v. Warren Cnty.*, 996 So. 2d 747, 749 (¶5) (Miss. 2008) (citations omitted). "[A]ll courts must be constantly aware of questions of their jurisdiction to proceed and must be prepared to decide a question pertaining to jurisdiction at any time, even if the court must raise the issue on its own motion." *Dunaway v. Dunaway*, 749 So. 2d 1112, 1120 (¶25) (Miss. Ct. App. 1999) (citation omitted).

¶40.    The Mississippi Supreme Court "has held that a proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court." *Wilkinson Cnty. Bd. of*

*Supervisors*, 767 So. 2d at 1012 (¶14) (quoting *Stewart v. City of Pascagoula*, 206 So. 2d 325, 328 (Miss. 1968)). This Court has previously stated:

> The bill of exceptions serves as the record on appeal and embodies the facts, judgment, and decision involved in the proceedings below. In its appellate capacity, the circuit court must limit its review of the evidence to the bill of exceptions. If the bill of exceptions is not complete and is fatally defective in that pertinent and important facts and documents are omitted therefrom, then the circuit court does not have a record upon which it can intelligently act.

*Pruitt v. Zoning Bd. of Laurel*, 5 So. 3d 464, 469 (¶14) (Miss. Ct. App. 2008) (internal citations and quotation marks omitted).

¶41. The supreme court's precedent establishes that the proper procedure for filing a bill of exceptions is as follows:

> The general rule with respect to bills of exceptions when presented to the proper official for signature appears to be that such officer or official cannot arbitrarily refuse to sign and return the bill of exceptions merely because he deems the same to be incorrect, but that it is his duty to point out wherein he deems the same to be incorrect, and *to note his corrections thereon, and to sign the same as correct*.

> If he deemed incorrect the bill of exceptions presented to him, he was under an implied duty to point out wherein he deemed the same incorrect so that the aggrieved parties might have an opportunity to amend the same, and then to sign the same as corrected.

*Id.* (emphasis added) (quoting *Reed v. Adams*, 236 Miss. 333, 340-41, 111 So. 2d 222, 224-25 (1959)).

¶42. As the record in the present case reflects, the parties disagreed on the contents of the bill of exceptions, and Waveland's mayor refused to sign the bills of exceptions that the Gallaghers presented to him. On September 28, 2010, the Gallaghers filed a "Motion to

Compel and Other Relief." The motion asserted that Waveland had repeatedly failed to provide the Gallaghers with several requested documents that the Gallaghers needed to complete a proper filing of their bill of exceptions. The motion further requested that the circuit court compel Waveland "to produce complete and certified copies of the remaining documents needed for Appellants to complete their [b]ill of [e]xceptions and to award Appellants all costs and expense[s] incurred as a result of the unnecessary delay[.]"

¶43. On March 15, 2011, Waveland filed a motion to dismiss the appeal due to the Gallaghers' failure to file a proper bill of exceptions. On December 2, 2011, the Gallaghers filed an amended bill of exceptions. They also filed a motion for a writ of mandamus due to the mayor's refusal to sign their bill of exceptions. The Gallaghers' motion for a writ of mandamus requested that the circuit court order Waveland's mayor to sign the amended bill of exceptions or provide the Gallaghers with a list of objections to the amended bill of exceptions. In response, Waveland filed a motion to strike the Gallaghers' motion for a writ of mandamus.

¶44. Following a hearing on the parties' various motions, the circuit court found that both sides had contributed to the delay in obtaining a satisfactory bill of exceptions. The circuit court's order, filed on March 29, 2012, granted in part the Gallaghers' motion to compel. The circuit court failed, though, to grant the relief the Gallaghers requested in their motion for a writ of mandamus. As the record reflects, the circuit court failed to order the mayor to note his corrections on the Gallaghers' bill of exceptions and to sign the same as is required

13

for a proper bill of exceptions.[2] Instead, the circuit court's order gave the parties thirty days to agree upon, sign, and file a bill of exceptions. As the record reflects, however, even after the circuit court's order to agree, the parties still failed to reach any agreement regarding the information that should be included in the bill of exceptions.

¶45. Instead, on April 27, 2012, Waveland filed its own bill of exceptions, and on April 30, 2012, the Gallaghers filed their "Second Amended Bill of Exceptions." As the record reflects, Waveland's bill of exceptions contained the mayor's signature, but the bill filed by the Gallaghers, the aggrieved party, did not. Waveland subsequently filed motions to have its bill of exceptions declared the record on appeal and to strike the bills of exceptions filed by the Gallaghers. Waveland argued that, because its bill of exceptions contained all the documents, evidence, and testimony before the Board when the Board made its decision, the circuit court should declare Waveland's bill of exceptions the record of the appeal. Waveland further asserted that the circuit court should strike the opposing bills of exceptions because those documents attempted to admit evidence not before the Board at the time the Board rendered its decision.

¶46. After considering the parties' arguments, the circuit court found that "[a]n appeal from a decision of the board of supervisors on a zoning matter is strictly limited to the record of what occurred before the board as contained in the bill of exceptions." *Byram 3 Dev. Inc. v. Hinds Cnty. Bd. of Supervisors*, 760 So. 2d 841, 843 (¶5) (Miss. Ct. App. 2000) (citation omitted). Despite the deficiency of not having a bill of exceptions that satisfied statutory

___

[2] *See Powell v. Mun. Election Comm'n of Isola*, 156 So. 3d 250, 253-54 (¶¶12-13) (Miss. 2014); *Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1012 (¶14).

requirements, the circuit court then declared Waveland's bill of exceptions to be the proper record of the appeal. The circuit court made this determination even though Waveland possessed no right to file its own bill.[3]

¶47. Following the parties' submission of their briefs, the circuit court considered all the evidence and entered an order affirming the Board's approval of KBM's application. Aggrieved by the circuit court's judgment, the Gallaghers now appeal to this Court. In addressing the Gallaghers' appeal, I acknowledge that the supreme court has recently recognized that a circuit court, sitting as an appellate court, should not hold an evidentiary hearing when considering a bill of exceptions or where no proper bill of exceptions exists. *See Powell v. Mun. Election Comm'n of Isola*, 156 So. 3d 250, 255 (¶16) (Miss. 2014).

¶48. As previously acknowledged, "a proper bill of exceptions on appeal is necessary to confer jurisdiction on the appellate court." *Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1012 (¶14) (quoting *Stewart*, 206 So. 2d at 328). As also acknowledged, the right to file a bill of exceptions belongs to the aggrieved party. Miss. Code Ann. § 11-51-75. As established by precedent, in the present case, Waveland's mayor should have identified inaccuracies or noted his corrections on the Gallaghers' bill of exceptions and then signed the bill as correct and filed it with the circuit court. *See Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1012 (¶14).

¶49. In addition to possessing the right to request corrections to the Gallaghers' bill and to note corrections on the bill, Waveland possessed the right to request by motion that the

---

[3] *See* Miss. Code Ann. § 11-51-75.

15

circuit court order an amendment to the bill of exceptions after its filing with the circuit court. Miss. Code Ann. § 11-7-211 (Rev. 2004).[4] However, our statutory law reflects that no right exists for a city's designated governing official to simply refuse to sign an aggrieved party's proffered bill of exceptions and instead file a separate and distinct bill with the circuit court.

¶50.    A review of Mississippi caselaw and governing statutory law shows that the circuit court failed to acquire jurisdiction in this case. In its recent opinion in *Powell*, the supreme court discussed another case where the circuit court failed to acquire jurisdiction over a municipality's decision. *Powell*, 156 So. 3d at 253 (¶10). The supreme court explained in *Powell* that a "bill of exceptions serves as the objective record of the proceedings below, and therefore must be examined and certified for authenticity by being signed and delivered to the circuit court by the authority who made the decision." *Id.* at (¶12). The responsibility of a municipal authority when presented with a bill of exceptions is to review the bill, note any inaccuracies or incompleteness, and then sign the bill as the correct record for the circuit court to review. *Id.*

¶51.    The supreme court explained in *Powell* that the aggrieved party had actually sought a writ of mandamus as a means to appeal the municipal authority's decision instead of following the statutory procedures to appeal such action, which required the aggrieved party

---

[4] *See also Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1011-12 (¶¶14-15) (finding that the circuit court lacked jurisdiction due to a fatally defective bill of exceptions because the board failed to follow the statutory procedures for submitting a corrected bill of exceptions); *Stewart*, 206 So. 2d at 328 (finding that the circuit court properly dismissed the appeal because it lacked jurisdiction due to a fatally defective bill of exceptions).

to obtain a record through a bill of exceptions. *Id.* at 254 (¶12). The supreme court further explained that, if Powell had presented a bill of exceptions to the designated city official to be reviewed, signed, and delivered to the circuit court, and if that municipal authority had refused to perform its ministerial duty, then a writ of mandamus would have provided an appropriate remedial mechanism to prompt the authority to perform its required duty. *Id.* at (¶13). *See also Reed*, 236 Miss. at 339, 111 So. 2d at 224 ("[O]nly the acting president of the board of supervisors or the presiding officer of the municipal board can sign a bill of exceptions upon an appeal from an order of the board, and . . . in case of his refusal, he may be compelled to do so by mandamus." (citing *Roach v. Tallahatchie Cnty.*, 78 Miss. 303, 303, 29 So. 93, 93 (1901))).

¶52.    In applying governing statutory law and caselaw to the instant case, the record reflects that the Gallaghers followed the procedures necessary to obtain a proper bill of exceptions. They submitted their proposed bill of exceptions to Waveland's mayor for him to review, sign, and deliver as required by section 11-51-75 and Mississippi caselaw.[5] When the mayor refused to sign the Gallaghers' bill, the Gallaghers filed a motion for a writ of mandamus consistent with the procedure set forth in the supreme court's *Powell* opinion. *See Powell*, 156 So. 3d at 254 (¶13). As the record reflects, through their motion for a writ of mandamus, the Gallaghers sought to remedy the mayor's inaction and his failure to perform his ministerial duty of reviewing, signing, and delivering the bill of exceptions to the circuit court. However, the circuit court failed to grant the relief requested by the Gallaghers'

---

[5] *See Powell*, 156 So. 3d at 253 (¶12); *Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1012 (¶14).

motion, and this appeal therefore lacked a proper bill of exceptions.

¶53.    In *Powell*, the supreme court acknowledged that the procedural deficiency of an improper bill of exceptions cannot be considered harmless. *See id.* at 255 (¶16). The supreme court further advised that "[a] circuit court, sitting as an appellate court, should not hold an evidentiary hearing when considering a bill of exceptions." *Id.* (citing *Falco Lime Inc. v. Mayor & Aldermen of Vicksburg*, 836 So. 2d 711, 720 (¶37) (Miss. 2002)).

¶54.    The *Powell* opinion distinguished the supreme court's prior decision in *Falco Lime* by explaining that, in *Falco Lime*, the circuit court's decision to hold an evidentiary hearing resulted in harmless error because sufficient evidence existed in the bill of exceptions for the result reached. *Powell*, 156 So. 3d at 255 (¶16) (citing *Falco Lime*, 836 So. 2d at 720-21 (¶40)). The *Powell* opinion also emphasized that, unlike the appeal in *Powell*, the appeal in *Falco Lime* began with a proper bill of exceptions. *Powell*, 156 So. 3d at 255 (¶16). The supreme court acknowledged in *Powell* that, where an appeal to the circuit court fails to originate with a proper bill of exceptions, the supreme court will refuse to extend harmless-error review to the fundamental jurisdictional posture of the case. *Id.*

¶55.    In the present case, the Gallaghers' appeal to the circuit court failed to originate with a proper bill of exceptions. As explained in *Powell* and *Wilkinson County Board of Supervisors*, this failure deprived the circuit court of appellate jurisdiction. *See Powell*, 156 So. 3d at 255 (¶16); *Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1012 (¶14). In addition, the Gallaghers filed a motion for a writ of mandamus with the circuit court after presenting their bill of exceptions to Waveland's mayor for the mayor to sign. As explained

18

in *Powell*, the circuit court possessed authority to grant the writ of mandamus since the mayor refused to perform his ministerial duty regarding the Gallaghers' bill of exceptions. *See Powell*, 156 So. 3d at 253-54 (¶¶12-13). *See also Reed*, 236 Miss. at 339, 111 So. 2d at 224 (discussing mandamus as a means to compel a designated municipal authority to fulfill his ministerial duty to sign a bill of exceptions).

¶56.    In reviewing the circuit court's judgment, this Court must adhere to the precedent established by the supreme court, and we must apply the requirements of Mississippi statutory law.[6]  In the instant case, the majority's reliance on this Court's previous opinion in *McKee v. City of Starkville*, 97 So. 3d 97 (Miss. Ct. App. 2012), is misplaced since *McKee* conflicts with supreme court precedent and relevant statutory law.  A review of the supreme court precedent cited and relied upon in *McKee* reflects that this Court misconstrued the supreme court's decision in *Hall v. City of Ridgeland*, 37 So. 3d 25 (Miss. 2010).  This Court's *McKee* opinion asserts that, in *Hall*, the supreme court allowed an appeal to circuit court from a city's decision without a proper bill of exceptions.  *McKee*, 97 So. 3d at 101 (¶11).

¶57.    However, the supreme court's opinion in *Hall* reflects that the aggrieved party initially filed an unsigned bill of exceptions, and then, shortly afterward, the mayor and the board performed their statutory and ministerial duties by signing and filing the corrected bill of

---

[6] *See Powell*, 156 So. 3d at 253-55 (¶¶12-16); *Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1011-12 (¶¶14-15); Miss. Code Ann. § 11-7-211; Miss. Code Ann. § 11-51-75.

exceptions with the circuit court. *Hall*, 37 So. 3d at 32 (¶17).[7] As a result, appellate jurisdiction vested in the circuit court through a proper bill of exceptions. *Id.* Additionally, a review of the supreme court's opinion in *Hall* reflects that no issue was raised as to the sufficiency of the corrected bill of exceptions filed in that case.

¶58. A further review of the supreme court's opinion in *Hall* fails to support the proposition for which it is relied upon and cited by this Court in *McKee*. Likewise, the supreme court's opinion in *Hall* provides no support for the decision of the majority in the instant case since *Hall* and other supreme court precedent clearly establishes that, without a proper bill of exceptions, a circuit court cannot acquire jurisdiction of an appeal from a municipal board. Therefore, in *McKee*, this Court veered from the procedures defined by supreme court precedent and Mississippi statutory law, which require a municipal official to sign the bill of exceptions and require a proper bill of exceptions to be filed before a circuit court can acquire jurisdiction. *See Powell*, 156 So. 3d at 253-55 (¶¶12-16); *Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1011-12 (¶¶14-15).

¶59. The majority opinion in the present case also misplaces its reliance upon *Byram 3 Development Inc.* to support its finding that a circuit court may determine its own bill of exceptions when the appeal fails to originate with a proper bill. In *Byram 3 Development Inc.*, this Court's opinion reflected that Byram 3 Development Inc. (Byram 3) filed a bill of exceptions and an attached affidavit. *Byram 3 Development Inc.*, 760 So. 2d at 843 (¶3). No

---

[7] *See also Powell*, 156 So. 3d at 253 (¶12) (stating that a municipal authority possesses the duty to sign a bill of exceptions and then deliver it to the court to authenticate the bill).

issue existed in *Byram 3 Development Inc.* as to the sufficiency of the bill of exceptions filed. *Id.* at (¶¶3-5). Instead, the opinion reflected that the affidavit addressed matters not included in the bill of exceptions. *Id.* at (¶3). In addition, the opinion explained that the attached affidavit contained allegations regarding factual misrepresentations that were not presented to the board of supervisors, and this Court found that Byram 3 failed to make a record of the perceived misrepresentations before the board to enable the matters to be included in the bill of exceptions. *Id.* at (¶¶3-5).

¶60. As acknowledged, a review of this Court's opinion in *Byram 3 Development Inc.* reflects that no issues were raised in that case regarding the sufficiency of the bill of exceptions. *Id.* Instead, our opinion in *Byram 3 Development Inc.* focused on the issue that the additional matters contained in the attached affidavit were neither presented to the board nor contained in the record made before the board. *Id.* Because no record of the additional matters had been made before the board, we found that consideration of those matters on appeal was barred. *Id.* at 844 (¶8). Our decision in *Byram 3 Development Inc.* therefore fails to support the proposition for which it is relied upon by the majority in the instant case. Our decision in *Byram 3 Development Inc.* also fails to support the majority's finding herein that a circuit court can determine its own record despite a procedurally deficient bill of exceptions.[8]

¶61. In its affidavit attached to the bill of exceptions in *Byram 3 Development Inc.*, Byram 3 claimed that factual misrepresentations had been made to the planning commission

---

[8] *See Powell*, 156 So. 3d at 255 (¶16) (discussing that a procedurally deficient bill of exceptions results in reversible error for lack of jurisdiction); Miss. Code Ann. § 11-51-75.

regarding occupancy and the need for the development at issue. *Id.* at 843-44 (¶¶3-7). Our opinion in *Byram 3 Development Inc.* established that this Court will refuse to review any allegation raised for the first time on appeal. *Id.* at 842 (¶1). As discussed, because no record had been made before the board regarding the perceived factual misrepresentations set forth in Byram 3's attached affidavit, this Court found the consideration of those allegations to be procedurally barred. *Id.* at 844 (¶8).[9]

¶62. In the present case, instead of simply refusing to sign the Gallaghers' bill of exceptions, the mayor possessed an implied duty to identify any aspect of the Gallaghers' bill that appeared to be inaccurate or incomplete or to note corrections thereon and then to sign and deliver the bill to the circuit court to authenticate the bill of exceptions. *See Powell*, 156 So. 3d at 253-54 (¶¶12-13); *Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1012 (¶14). Additionally, section 11-7-211 allows the circuit court judge to order an amendment to the bill of exceptions "for the purpose of curing omissions, defects, or inaccuracy" after providing five days' notice to the interested parties.

¶63. Based on a review of the record and applicable statutory law and caselaw, I find that, while the circuit court lacked appellate jurisdiction in this case, the circuit court possessed jurisdiction to grant the Gallaghers' motion for a writ of mandamus to require Waveland's mayor to perform his ministerial duty to provide a proper bill of exceptions.[10] Because the

---

[9] *See also Blackwell v. Miss. Bd. of Animal Health*, 784 So. 2d 996, 1002 (¶14) (Miss. Ct. App. 2001) (stating that this Court refuses to review any allegation of error raised for the first time on appeal and therefore not supported by the record).

[10] *See Reed*, 236 Miss. at 339, 111 So. 2d at 224 (explaining that "only the acting president of the board of supervisors or the presiding officer of the municipal board can sign

bills of exceptions proffered by the parties and relied upon by the circuit court were procedurally and fatally defective, the circuit court lacked both jurisdiction and a record upon which it could intelligently act. *See Wilkinson Cnty. Bd. of Supervisors*, 767 So. 2d at 1012 (¶14); *Pruitt*, 5 So. 3d at 469 (¶14). I would therefore reverse the circuit court's judgment and remand this case to the circuit court to provide the opportunity for a ruling on the Gallaghers' motion for a writ of mandamus and to allow the parties the opportunity to file a properly amended bill of exceptions, either by agreement or by a grant of the writ of mandamus previously filed by the Gallaghers.[11]

**BARNES AND JAMES, JJ., JOIN THIS OPINION. IRVING, P.J., JOINS THIS OPINION IN PART.**

---

a bill of exceptions upon an appeal from an order of the board, and that in case of his refusal, he may be compelled to do so by mandamus" (citing *Roach*, 78 Miss. at 303, 29 So. at 93)).

[11] The supreme court's opinions in *Reed* and *Powell* explain that a municipal authority presented with a bill of exceptions possesses the responsibility to review the bill, note any inaccuracies, and then sign the bill as the correct record for the circuit court to review. *See Powell*, 156 So. 3d at 253 (¶12); *Reed*, 236 Miss. at 340, 111 So. 2d at 224. If the designated municipal authority refuses to sign the bill of exceptions upon an appeal of an order of the municipal board, then the court can compel the official by mandamus. *See Reed*, 236 Miss. at 339, 111 So. 2d at 224; *Roach*, 78 Miss. at 303, 29 So. at 93.